451 So.2d 219 (1984)
Jean Cross STRINGFELLOW
v.
Howard William STRINGFELLOW, Jr.
No. 54924.
Supreme Court of Mississippi.
June 6, 1984.
*220 David O. Butts, Tupelo, for appellant.
J. Hal Ross, Brandon, for appellee.
Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This appeal arises from the Chancery Court of Rankin County, Mississippi, where Chancellor Billy Bridges denied the motion of Jean C. Stringfellow to set aside a final judgment and reopen her case against Howard William Stringfellow. We affirm.
After almost a quarter of a century of marriage these parties were separated. In September of 1982 as a result of a temporary hearing, appellee was ordered to pay unto his wife the sum of $1,625 per month in temporary alimony. The case came on for trial September 30, 1982, and at that hearing the appellee testified that he was the sole heir of his mother and that her estate consisted of some $10,000 in cash and a house valued at $40,000. Based on this testimony, on October 11, 1982, the chancellor awarded the appellant a divorce and $1,000 a month in alimony. He also granted the appellant $8,000 for repairs to the home and the payment of all medical bills incurred by her prior to September 16, 1982, as well as $1,000 as a contribution toward her attorney's fees.
When an inventory of this estate was filed in the probate court of Tennessee, it showed that the estate in question was worth approximately $42,700. This inventory did not include real estate and other property valued at approximately $40,000. When appellant became aware of the existence of this inventory, she filed a motion for relief from judgment pursuant to the provisions of Mississippi Rule of Civil Procedure 60(b). After a full hearing on this motion the chancellor denied it and thus this appeal.
The one assignment of error is that the lower court erred in denying appellant's motion to set aside the judgment and reopen the case. Appellant argues that, (1) the judgment was procured through fraud or perjury of the appellee as he misrepresented the true value of his mother's estate, and (2) further that the judgment was procured through the accident or mistake of her trial attorney who conducted only limited discovery and felt it unnecessary to introduce any medical testimony in support of her claim of her own physical disability at the time of the divorce. Obviously, her present attorney is not the same attorney who represented her in the trial court.
Mississippi Rule of Civil Procedure 60(b) provides, inter alia, the following,
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
*221 MRCP 60(b) is very nearly identical to the Federal Rule of Civil Procedure; the difference being the time limitation within which 60(b) motions must be filed. In situations such as these, where the two rules are so similar, we have said that we will consider authoritative federal constructions when determining what our construction of our rule ought to be. Brown v. Credit Center, Inc., 444 So.2d 358, 364 fn. 1 (Miss. 1983). In this light we find that motions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused. Clarke v. Burkle, 570 F.2d 824 (5th Cir.1978). When ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation. House v. Secretary of Health and Human Services, 688 F.2d 7 (2nd Cir.1982). Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case. Mastini v. American Telephone and Telegraph Co., 369 F.2d 378 (2nd Cir.1966), cert. den. 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994.
Rule 60(b)(1) deals with relief from judgment obtained by fraud, misrepresentation, or other misconduct of the adverse party. In those circumstances, the burden is upon the movant to prove fraud, misrepresentation or other misconduct, and to do so by clear and convincing evidence. Rozier v. Ford Motor Company, 573 F.2d 1332 (5th Cir.1978). To constitute fraud there must be (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. Gardner v. State, 235 Miss. 119, 108 So.2d 592 (1959).
Rule 60(b)(2) provides for relief from judgments procured through accident or mistake. The case of Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir.1969), announced that the general rule is that Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief. Id. at page 835. Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough. 11 Wright and Miller, Federal Practice and Procedure, § 2858, page 170 (1973). See also, Bershad v. McDonough, 469 F.2d 1333 (7th Cir.1972); and Cline v. Hoogland, 518 F.2d 776 (8th Cir.1975). Finally, the Fifth Circuit has held "consistently" that "relief from a judgment is not to be granted under Rule 60(b) simply because its entry may have resulted from incompetence or ignorance on the part of an attorney employed by the party seeking relief." Clarke v. Burkle, supra, at 831 (emphasis added).
There was a difference in the testimony of the appellee at the divorce hearing and at the Rule 60(b) hearing on the value of his mother's estate. At the motion hearing, appellee explained that the inventory contained a $10,000 error as to one treasury bond. Further he testified that the $2500.00 furniture listed in the inventory was of little value and that he had given it away. He also testified that he spent $5,000 in repairs to his mother's house and expected to spend $8,000 to $10,000 more on the house. Appellee continued by explaining that at the divorce hearing when testifying on the value he would receive from the estate that he was speaking in terms of net value. Appellee further added that after he subtracted the necessary expenses to his mother's home he thought that he would be left with $10,000 plus $40,000 for the house. After hearing this testimony, the chancellor denied the appellant's 60(b) motion for relief from the judgment *222 on the basis of fraud, misrepresentation or misconduct.
This record simply will not support a finding that the appellee perpetrated a fraud, a deliberate misrepresentation, or committed misconduct calculated to deprive the appellant from fully and fairly presenting her case. Appellant's burden was proof that is clear and convincing, and on this record the burden was far from met. We are certainly unable to say that in denying the motion the chancellor abused his discretion.
Appellant also claims that she is entitled to relief under Rule 60(b)(2) because of her then attorney's failure to conduct adequate discovery and to introduce medical evidence substantiating her claim of dependency in impeaching appellee's testimony. Clarke v. Burkle, supra, is dispositive of this argument. Incompetence or ignorance on the part of a party's attorney does not give rise to Rule 60(b)(2) relief.
Appellant has failed to meet the burden of proof necessary to obtain relief under Mississippi Rule of Civil Procedure 60(b)(1) and she has shown no grounds for relief under Mississippi Rule of Civil Procedure 60(b)(2). The trial judge acted well within his sound discretion, and, that being the scope of our review under our rule, we therefore affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, and PRATHER, JJ., concur.
BOWLING and ROBERTSON, JJ., not participating.