**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1998-CA-01745-SCT**

*KENNY MOORE, INDIVIDUALLY, AND d/b/a MOORE'S AUTO CENTER*

*v.*

*ARTHUR R. JACOBS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/06/1997 |
| TRIAL JUDGE: | HON. MICHAEL R. EUBANKS |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL E. FARRIS |
| ATTORNEY FOR APPELLEE: | NANCY STEEN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 01/06/2000 |

## BEFORE PRATHER, C.J., McRAE AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE AND FACTS

¶1. Kenny Moore appeals from the Circuit Court of Marion County's denial of his motion to set aside a judgment pursuant to Miss. R. Civ. P. 60(b). The basis of the cause of action was Arthur R. Jacobs' claim that, on April 18, 1989, he broke his hip on the premises of Moore's business while in Moore's employ. On July 16, 1993, a judgment based on a jury verdict in the amount of $30,000 was entered in favor of Jacobs and against Moore. Moore appealed to the Court of Appeals, which affirmed the judgment. *Moore v. Jacobs*, 678 So. 2d 1017 (Miss. 1996). We denied Moore's petition for writ of certiorari. 691 So. 2d 1028 (Miss. 1996) (table).

¶2. Moore then filed a Motion to Set Aside Judgment Under Rule 60(b)(6) which was denied on March 11, 1997. Thereafter, on March 19, 1997, Moore filed an Amended Motion to Set Aside Judgment under Rule 60(b)(1, 3, 4, 6). Moore presented the affidavits of two of his employees who stated that Jacobs was not injured on the business premises, and that, although he was present on the business premises for a short time, he was not working for Moore on the date of the incident. Moore also presented the affidavit of Charles Bass, M. D., who treated Jacobs on March 28, 1989, a few weeks before the incident. Dr. Bass averred that Jacobs had told him that he had had a hip replacement twenty years earlier and that he had fallen and had hurt his hip on March 27, 1989, at home. Moore concluded that Jacobs had "perpetrated a

fraud upon the Court and committed perjury in order to secure" a judgment; and his lawyer was ineffective in failing to investigate fully the facts of the case.

¶3. After an evidentiary hearing, the trial court denied the Rule 60(b) motion, holding that Moore untimely filed the motion insofar as it pertained to Rule 60(b)(1) and (3), which motions should be filed within six months of the entry of judgment. The court further held that Rule 60(b)(4) was inapplicable because Moore did not show that the judgment was void. The court denied the motion to the extent that it was based on Rule 60(b)(6) because all the evidence presented in the affidavits was available at the time of the trial and because there was a need for finality. The trial judge observed that Moore had lost the appeal and that four years had passed since the judgment was entered. Finally, the court found that ineffective assistance of counsel, assuming *arguendo* that it was proven, was not a ground for setting aside a civil judgment, citing ***Stringfellow v. Stringfellow***, 451 So. 2d 219 (Miss. 1984).

## STATEMENT OF THE ISSUE

¶4. Moore raises one issue on appeal:

> **THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING THE MOTION TO SET ASIDE THE JUDGMENT PURSUANT TO MISSISSIPPI RULES OF CIVIL PROCEDURE 60(b)(6), WHERE THE RECORD CLEARLY REFLECTS A JUDGMENT OBTAINED ON THE BASIS OF PERJURED TESTIMONY.**

## STANDARD OF REVIEW

¶5. We will reverse the grant or denial of a Rule 60(b)[1] motion only upon a showing of abuse of discretion. ***Page v. Siemens Energy & Automation, Inc.***, 728 So. 2d 1075, 1079 (Miss. 1998); ***Briney v. U.S.F. & G. Co.***, 714 So. 2d 962 (Miss. 1998); ***Sartain v. White***, 588 So. 2d 204, 211 (Miss. 1991).

¶6. When ruling upon Rule 60(b) motions,

> . . . a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation . . . . [A] party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough.

*Stringfellow,* 451 So. 2d at 221.

## DISCUSSION

¶7. Moore alleges that Jacobs "testified to matters that upon further investigation were determined to be false," and that he therefore committed perjury. The controverted facts are as follows: (1) whether Jacobs broke his hip on March 27, 1989, or on April 18, 1989; (2) if Jacobs broke his hip on April 18, 1989, whether Jacobs was working for Moore or was merely present on the business premises; (3) if Jacobs broke his hip on April 18, 1989, whether Jacobs was helping to move a truck hood or stepping out of a car; (4) whether Jacobs had trouble with his hip prior to April 18, 1989; (5) whether Jacobs had a hip replacement or hip surgery prior to April 18, 1989.

¶8. The medical records of Charles Bass, M. D., indicate that on March 28, 1989, Jacobs reported that he had fallen at home and hurt his right hip, and that he had had hip replacement surgery about 20 years ago by a Dr. Conerly. X-rays of the right hip taken on that same date show an "impacted, old arthritic hip, right which has apparently been fractured in the past. Fused."

¶9. The medical records of Bruce M. McCarthy, M. D., indicate that on March 28, 1989, Jacobs remembered injuring his hip many years ago. Dr. McCarthy did not see a new fracture in the x-rays taken by Dr. Bass. On April 11, 1989, the hip was "virtually fused." On April 19, 1989, Dr. McCarthy stated, "Mr. Jacobs has had a disaster. He apparently misstepped getting out of the car, getting into his gas station where he works." An x-ray showed a fracture of the middle third and proximal femur.

¶10. Numerous inconsistences in Jacobs' testimony were brought out on cross-examination. For example, Jacobs testified that he had not had hip trouble nor seen a doctor for hip trouble prior to the April 18 incident, but he had also experienced pain and a "giving way" in his hip which were diagnosed as arthritis. Even though doctors had histories and notes pertaining to Jacobs on certain dates, Jacobs contended he had not seen those doctors on those dates. And Jacobs denied saying what doctors' notes showed he had told them during their examinations.

¶11. Moore testified that Jacobs stopped working for him in January or February of 1989, and was not working for him on April 18, 1989. Only Herbert Arinder, Henry Carr, and Harry Thompson worked for him after February, 1989. Arinder and Carr averred in their proffered affidavits that Jacobs did not injure his hip on the business premises, was not working for Moore on the day of the incident, and that he did not help move the hood. Dr. Bass' affidavit reflects that on March 28, 1989, Jacobs stated that he had had a hip replacement 20 years ago, and that he had fallen and hurt his hip on March 27, 1989, at home.

¶12. Moore concludes that Jacobs' perjury constitutes "extraordinary and compelling circumstances" which demand relief under Rule 60(b)(6).

### Time-Barred Claims

¶13. Relief under Rule 60(b)(6) "*must be based on some other reason than the first five clauses*, and it must be some ground which will justify relief from the final judgment." ***Bryant, Inc. v. Walters***, 493 So. 2d 933, 939 (Miss. 1986) (emphasis added); *see also* ***Page,*** 728 So. 2d at 1079; ***Sartain,*** 588 So. 2d at 212. The United States Court of Appeals for the Fifth Circuit has similarly held that Rule 60(b)'s "'any other reason' language refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." ***Batts v. Tow-Motor Forklift Co.***, 66 F.3d 743, 747 (5th Cir. 1995) (quoting ***Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc.***, 62 F.3d 767, 773 (5th Cir. 1995)).

¶14. Claims of perjury constitute "fraud, misrepresentation, or other misconduct of an adverse party" under Rule 60(b)(1) and claims of new evidence constitute "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Subsection (1) and (3) claims must be made "not more than six months after the judgment . . . was entered." Moore has attempted to bypass the six month time limitation by cloaking his subsection (1) and (3) claims as a subsection (6) claim.

¶15. Because Moore is time barred from bringing fraud (perjury) and new evidence claims under Rule

60(b)(6), the trial court did not abuse its discretion in denying Moore's motion insofar as it pertains to these claims.

### Rule 60(b)(6) Claim

¶16. In *Briney v. U.S.F. & G. Co.*, 714 So. 2d at 966, the Court stated that, because Miss. R. Civ. P. 60(b) is almost identical to Rule 60(b) of the Federal Rules of Civil Procedure, it "will consider as authoritative federal constructions when determining what our construction of our rule ought to be." *See also Askew v. Askew*, 699 So. 2d 515, 518-19 (Miss. 1997) ("[A]uthoritative federal interpretations of the rule have been considered helpful because of the strong similarity our rule share[s] with the federal rule."); *Stringfellow,* 451 So. 2d at 221.

¶17. Relief under Rule 60(b)(6) "is reserved for exceptional and compelling circumstances." *Bryant, Inc.,* 493 So. 2d at 939. As Moore points out, a Rule 60(b)(6) motion is the "grand reservoir of equitable power to do justice." *Briney*, 714 So. 2d at 966*.* In order to determine if equity demands that Moore's Rule 60(b) motion be granted, we will look at Moore's claims on the merits.

¶18. Fraud, misrepresentation or other misconduct must be proved by clear and convincing evidence. *Stringfellow,* 451 So. 2d at 221. The Fifth Circuit has held:

> A motion for a new trial [based on new evidence] is an extraordinary motion, and the requirements of the rule must be strictly met. [Citation omitted.] The motion may not be granted unless (1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result.

*AG Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975), *rev'd on other grounds*, 425 U.S. 273, 96 S. Ct. 1532, 47 L. Ed. 2d 784 (1976), *cited with approval in Diaz v. Methodist Hosp.,* 46 F.3d 492 (5th Cir. 1995).

¶19. A review of the testimony and exhibits of the original appeal and of the instant appeal plainly demonstrate that Moore has failed to show that his Rule 60(b) motion should have been granted. Moore's claims of perjury and newly discovered evidence are not "exceptional and compelling circumstances." Furthermore, Moore has not presented evidence which would prove perjury by clear and convincing evidence.

¶20. Moore alleges that Jacobs denied having any hip problems prior to the April 18 incident. Even though Jacobs' testimony is very inconsistent, it is evident that Jacobs believed that the arthritis in his hip was not "hip trouble." He did not deny that he had arthritis in his hip and that it caused him a lot of pain. Obviously, to Jacobs, "hip trouble" meant the hip fracture, and therefore he never had medical treatment for the hip fracture before April 18, 1989.

¶21. Jacobs' confused state of mind is also illustrated by his stating on numerous occasions that he broke his "leg" rather than his "hip."

¶22. Regardless of Jacobs' inconsistent testimony, Moore had the medical records at trial which indicate that Jacobs suffered from degenerative arthritis in the right hip. Moore's counsel fully cross-examined

Jacobs regarding the prior condition of his hip. The jury had the opportunity to review the medical records during its deliberations.

¶23. Moore intimates that Jacobs injured his hip on March 27 and not on April 18. Dr. McCarthy's medical records of March 28 and April clearly show that Jacobs went to see Dr. McCarthy for pain which was diagnosed as arthritis. Furthermore, although there was evidence of an old fracture which had been fused, Jacobs did not fracture his hip again until after April 11, 1989, when Dr. McCarthy found that the hip was still "fused." An x-ray taken on April 19 showed that the middle third and proximal femur was fractured, clearly a new injury. Again, Moore had these medical records at trial.

¶24. At trial, in Jacobs' case-in-chief, Moore testified that Jacobs was not in his employ on April 18. Then Jacobs and one of Moore's employees, Harry Thompson, testified that Jacobs was indeed working for Moore on April 18. Jacobs then rested, and Jacobs and Moore testified during Moore's case in chief. Moore had every opportunity to call as a witnesses his other employees to impeach Jacobs and Thompson's testimony, but for some reason he did not. Now Moore proffers his employees' affidavits which state that Moore was not working on April 18, and had not been helping with the truck hood when he broke his hip. These persons were Moore's employees at the time of the incident and were still Moore's employees at the time of the trial. In any event, Moore advanced this position at trial, and the testimony of the other employees, although relevant, would have been cumulative with uncertain effect.

¶25. Moore complains that, although Jacobs states that he was injured while helping move the truck hood, on April 19, 1989, Jacobs told Dr. McCarthy that he had "misstepped" getting out of a car at work. The record shows that Moore's counsel rigorously cross-examined Jacobs on this point at trial, and that the jury had before it a clear issue of credibility. The jury found for Jacobs; evidently it accorded him greater credibility.

¶26. The Fifth Circuit has held that a party making a Rule 60(b)(1) motion must "establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990). Moore has failed to show that Jacobs' alleged perjury prevented Moore from fully and fairly presenting his case.

¶27. As the Fifth Circuit has stated:

> Even if we accept as true Appellant's assertions of perjury, we would only set aside the decision of the trial court if we found that Appellees' actions foreclosed the possibility that Appellant could "fully and fairly present her case." [Citation omitted.] In the case at hand, **Appellant had independent access to information** concerning the availability of aminoglycoside testing in January, 1987. Dr. Talmage's affidavit proves that **this information was not under the exclusive control of the Appellees.** It is likely that a more focused effort by Appellant could have uncovered this evidence prior to trial.

*Diaz,* 46 F.3d at 498 (emphasis added.)

## CONCLUSION

¶28. Moore's perjury and new evidence claims are time barred. Furthermore, Moore has failed to show that his "new" evidence was discovered following the trial, that due diligence was exercised on his behalf,

that the evidence was not merely cumulative or impeaching; or the evidence was such that a new trial would probably produce a new result. For these reasons, we find that the lower court did not abuse its discretion in denying Moore's Rule 60(b) motion. Therefore, we affirm the judgment of the Marion County Circuit Court.

¶29. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR.**

1. Rule 60(b) states in part:

**(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) fraud, misrepresentation, or other misconduct of an adverse party;

* * *

(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

* * *

(6) any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken. . . .