THOMAS, J.,
for the Court:
¶ 1. Aggrieved at the Simpson County Chancery Court’s determination that an easement be granted, and a subsequent determination that George W.T. Herring failed to abide by this final judgment, Herring appeals citing three errors:
A. THE INSTRUCTIONS OF THE COURT IN THE FINAL JUDGMENT AS TO WHAT THE PARTIES HAD TO DO ABOUT THE EASEMENT WERE VAGUE, INDEFINITE, UNCERTAIN AND AMBIGUOUS.
B. THE TRIAL COURT WAS IN ERROR IN ALLOWING TESTIMONY AS TO WHAT THE COURT HAD SAID, AND IN HIMSELF RECOUNTING WHAT HE HAD SAID, IN MAKING HIS RULING BEFORE THE FINAL JUDGMENT.
C. THE FINAL JUDGMENT SHOULD BE CONSTRUED ACCORDING TO LAW, AND THE EVIDENCE BEFORE THE COURT WAS NOT SUFFICIENT TO DEMONSTRATE WHAT THE PARTIES WERE REQUIRED TO DO IN CONSTRUCTING THE EASEMENT AND THE TRIAL COURT ERRED IN PROVIDING THE ACTIONS THAT APPELLEES COULD TAKE ON THE EASEMENT.
¶ 2. We need not address Herring’s assignment of errors in as much as we hold Herring is barred from prosecuting this appeal.
*255 FACTS
¶ 3. The case sub judice pertains to a “Petition for Citation for Contempt” filed by George B. Ferguson and his wife Jean Ferguson against George W.T. Herring based on a final judgment by the Simpson County Chancery Court on April 9, 1998. The final judgment stated that all parties, including both the Fergusons and Herring, were “entitled to an easement.” The easement was to be laid out by surveyor Jerry Miller, special commissioner appointed by the lower court. The final judgment stated that all parties would have a twenty foot wide non-exclusive easement for purposes of ingress and egress. The chancery court assigned each party a certain portion to pay for construction of this easement. At no time prior to the contempt hearing on October 13, 1999 did Herring attempt to file a motion to clarify or appeal the final judgment of April 9,1998.
¶4. On July 30, 1999, the Fergusons filed a petition for citation for contempt against Herring. The petition was based on Herring’s failure to perform his obligations under the final judgment of April 9, 1998. Herring put several obstructions in the area surveyed for the easement. Herring placed a water line, several plastic fences, and an electric fence or line on the easement. The chancery court held Herring not in contempt; however, the chancellor did rule that Herring had sixty days to remove all impediments from the easement. The ruling provided that if Herring did not clear the easement, then the petitioners would “have the right to go in there and clear it and use a bulldozer or drag it.” It is from this order Herring now appeals.
HERRING IS BARRED FOR FAILURE TO APPEAL THE FIRST AND FINAL JUDGMENT.
¶ 5. As we noted earlier, on April 9, 1998, the chancery court found that all parties, including both the Fergusons and Herring, were entitled to an easement. All parties would have a twenty foot wide non-exclusive easement for purposes of ingress and egress. Following this judgment, Herring did not file an appeal or a motion for clarification of this final judgment. Subsequently, Herring did not file a Rule 59 or 60(b) motion on this final judgment. It was not until the Fergusons were granted a remedy based on a motion for contempt that Herring complained about the final judgment of the easement. The judgment was a final, appealable judgment, comprehensive in scope, and filled with complete findings of fact and conclusions of law. No appeal from that ruling was prosecuted.
¶ 6. In a civil case, when an appeal is permitted by law as a right from a chancery court, a notice of appeal, as required by Rule 3 of Mississippi Rules of Appellate Procedure, shall be filed within thirty days after the date of entry of the judgment. See M.R.A.P. 4(a). If a party fails to follow this procedure, other remedies are available. Mississippi Rule of Civil Procedure 59 provides:
(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues ... (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi. On a motion for a new trial in an action without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions and direct the entry of a new judgment.
(b) Time for Motion. A motion for a new trial shall be served, not later than ten days after the entry of the judgment ....
*256 (e) Motion to Alter or Amend a Judgment. A motion to alter or amend judgment shall be served not later than ten days after entry of the judgment.
Herring did not file within ten days after the entry of the final judgment; therefore, Herring’s appeal cannot be considered under Rule 59.
¶ 7. Mississippi Rule of Civil Procedure 60(b) allows a chancellor to grant relief from a judgnent for various reasons, including mistakes, inadvertence, newly discovered evidence, and fraud. In pertinent part, it provides the following:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it isrno longer equitable' that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken....
¶ 8. Rule 60(b) provides for “extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and neither ignorance nor carelessness on the part of an attorney will provide grounds for relief.” Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss.1984). A party is not entitled to relief merely because he/she is unhappy with the judgment. Id. The party must make a showing that he/she was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough. Id. Herring sought no 60(b) relief.
¶ 9. Herring’s assignment of errors all relate to the final judgment entered April 9, 1998. Having failed to seek relief in the manner provided by our rules, Herring is now barred from seeking relief here.
¶10. THE JUDGMENT OF THE SIMPSON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.