LEE, C.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Timothy Collum sought custody of the son he shared with Christina Pulkinen. The child was born in Columbus, Mississippi, on September 21, 2006. The couple was never married, but Collum is listed as the child’s father on the birth certificate.
 

 ¶ 2. At the beginning of December 2006, Pulkinen took the child and returned to her home in Massachusetts. On December 22, 2006, Collum filed a complaint in the Webster County Chancery Court seeking to establish paternity and gain custody of the child. Later in December 2006, Collum and Pulkinen reunited, and Pulki-nen returned to Mississippi with the child. Collum did not have a summons issued after filing the complaint.
 

 ¶ 3. In July 2007, Collum and Pulkinen took the child to Massachusetts to visit family. On the way back to Mississippi, they stopped to spend the night in a hotel. During the night, Pulkinen left with the child and returned to Massachusetts. When Collum awoke and found them gone, he returned to Mississippi.
 

 ¶4. On July 20, 2007, Pulkinen was granted a temporary, ex parte abuse-protection order against Collum in Massachu
 
 *70
 
 setts. Collum was served with a copy of this order in Mississippi.
 

 ¶ 5. On July 25, 2007, Collum supplemented his December 2006 petition for custody and served Pulkinen with a Rule 81
 
 [1]
 
 summons on July 31, 2007. On September 5, 2007, a hearing was' held in Starkville, Mississippi. Collum and several of his family members testified. Pulki-nen did not appear or file any responsive pleadings. Since she had failed to respond to the requests for admission, the chancellor deemed all of Collum’s requests admitted, including that all of the
 
 Albright
 

 [2]
 

 factors weighed in his favor. The chancery court granted custody to Collum.
 

 ¶ 6. On March 5, 2008, Pulkinen moved to set aside the final judgment by filing a motion under Mississippi Rule of Civil Procedure 60(b). The 60(b) motion was denied on January 27, 2010. In denying the motion, the chancellor found that jurisdiction was proper in Mississippi because the Massachusetts court had vacated its original temporary ex parte order and ordered that the records be destroyed. The chancellor did not specifically address the issue of service of process. On February 5, 2010, Pulkinen filed a motion to amend the judgment to clarify that her Rule 4 argument regarding lack of service of process was denied. M.R.C.P. 4. The chancellor entered an order specifically denying the Rule 4 issue.
 

 ¶ 7. Pulkinen now appeals, arguing that the chancellor was without jurisdiction to make a custody determination because Collum failed to have process issued within 120 days of the initial filing of the complaint. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 8. The standard of review when reviewing a chancellor’s decision is limited.
 
 Pratt v. Pratt,
 
 977 So.2d 386, 390 (¶ 10) (Miss.Ct.App.2007). “Upon review of a chancellor’s opinion, when it is supported by substantial evidence and where the chancellor has not abused her discretion, was not manifestly wrong, clearly erroneous, or applied an erroneous legal standard, we will not disturb her opinion.”
 
 Id.
 
 (citing
 
 Townsend v. Townsend,
 
 859 So.2d 370, 371-72 (¶ 7) (Miss.2003)). This Court reviews questions of law de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 9. Pulkinen’s sole argument on appeal is that the chancellor should have dismissed this case because Collum failed to have process served within 120 days of the initial filing of the complaint.
 

 ¶ 10. Mississippi Rule of Civil Procedure 4(h) states:
 

 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
 

 ¶ 11. Collum failed to have a summons issued after the initial complaint was filed. However, proper service was made on the complaint entitled “Supplement to Original Petition for Establishment of Paternity and Child Custody.” The reason for the delay was that Collum and Pulkinen had reunited and were attempting to work on their relationship. When their efforts to work out their relationship failed, Collum filed the supplemental petition.
 

 
 *71
 
 ¶ 12. Pulkinen did not appear or object to the lack of service of process on the original complaint. After the final judgment was entered, Pulkinen raised the issue of lack of service of process in a Rule 60(b) motion, and a hearing was held on the motion. At the hearing, Pulkinen stated that she had been advised by legal counsel in Massachusetts that since she had custody in Massachusetts, she did not need to appear or participate in the proceedings in Mississippi. Further, she stated that she feared Collum and went as far as to contact the Mississippi Attorney General’s Office to ask if her safety could be guaranteed if she came to Mississippi, but she was told that she was “on her own” if she decided to come to Mississippi. She determined it was a safety risk for her to come to the hearing.
 

 ¶ 13. Pulkinen now argues on appeal that despite her failure to make an appearance at the hearing or respond to the pleadings and discovery, the chancellor should have dismissed the case sua sponte because process had not been timely served. The Mississippi Rules of Civil Procedure authorize the court to enter a default judgment when a party has failed to plead or otherwise defend the allegations against him or her. M.R.C.P. 55(a). A default judgment stands unless it is later deemed to have been void. M.R.C.P. 60(b)(4).
 

 ¶ 14. “[Mjotions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial eourt[,] and appellate review is limited to whether that discretion has been abused.”
 
 Stringfellow v. Stringfellow,
 
 451 So.2d 219, 221 (Miss. 1984). We find that the chancellor did not abuse her discretion in denying Pulkinen’s Rule 60(b) motion. Within days of Collum filing the first complaint on December 22, 2006, Collum and Pulkinen had reconciled. Thus, Collum had no need to proceed with service of process. Later, when the two went their separate ways again, Collum proceeded with service of process after filing a supplemental complaint on July 25, 2007, which was served on July 31, 2007. The better action would have been for Collum to file a new complaint. Regardless, we find that the chancellor did not err in finding the Rule 4 issue without merit. Collum properly served process on the second complaint, and Pulkinen failed to respond. We find that this issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE WEBSTER COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 .
 
 See
 
 M.R.C.P. 81.
 

 [2]
 

 .
 
 Albright v. Albright,
 
 437 So.2d 1003, 1005 (Miss.1983).