# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00806-COA

JOSEPH THOMPSON, INDIVIDUALLY AND IN
HIS CAPACITY AS THE ADMINISTRATOR OF
THE ESTATE OF VICKIE THOMPSON,
DECEASED

APPELLANT

v.

WILLIAM P. MEYER, JOHN M. MEYER, AND
BUD'S MOBILE HOMES, INC.

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/2014 |
| TRIAL JUDGE: | HON. JAMES B. PERSONS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WAYNE L. HENGEN |
| ATTORNEY FOR APPELLEES: | VIRGIL G. GILLESPIE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 10/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Joseph Thompson, individually and as the administrator of the estate of Vickie

Thompson, appeals the judgment of the Harrison County Chancery Court, Second Judicial

District, arguing that the chancellor erred in denying his Mississippi Rule of Civil Procedure

60(b)(6) motion.

¶2.     Finding no error, we affirm.

## FACTS

¶3.     This is a breach-of-contract case that was dismissed for want of prosecution.  In 2003,

Thompson and his wife Vickie (hereinafter the Thompsons, unless the context requires otherwise), entered into an agreement creating a joint venture with John Meyer and William Meyer (hereinafter Meyer, unless the context requires otherwise), involving End of the Rainbow Trailer Park, which was owned and operated by the Thompsons. The agreement stipulated that the Thompsons would sign over all rights to their property, and, in exchange, Meyer would pay the existing debt on the property in furtherance of purchasing it. Meyer also agreed to remit any rents to the Thompsons that were in excess of the amount needed to service the debt pursuant to the partnership agreement. Meyer obtained a loan for $350,000 to pay off the existing debt on the property and took up the payments. In May 2005, Meyer sent a letter to the Thompsons, stating that they had violated the agreement by encumbering the property with further debt after they had transferred it to Meyer. Meyer sent a second letter to the Thompsons in July 2005, informing them that the agreement was null and void because they had not remedied the breach.

¶4.    Aggrieved by Meyer's perceived failure to abide by the terms and conditions of the agreement, Joseph filed a complaint for a preliminary injunction on January 8, 2008, against William, John, and Bud's Mobile Homes, Inc. The complaint alleged, among other things, that Meyer had failed to honor any of its contractual obligations other than accepting the transfer of the property from the Thompsons to Meyer. After Meyer answered the complaint, a hearing was held on March 14, 2008, wherein the Thompsons' counsel requested a receivership to handle the rent being paid on the property by the Federal Emergency

2

Management Agency (FEMA) in response to Hurricane Katrina, until a hearing on the merits could be held. Meyer and counsel were absent from that hearing.

¶5. On November 5, 2009, another hearing was held addressing the merits of the case, but there was no final resolution. According to the record, the next hearing was not held until September 8, 2011, in which the court addressed Meyer's change of counsel issues and Joseph's request for a special commissioner to be appointed. At the conclusion of that hearing the case was continued, and was to be reset at a time that was agreeable to both parties. The case was then noticed for another hearing, but it never occurred. On May 18, 2012, Joseph's attorney filed a "Motion for Status and Final Disposition," requesting that the court grant Joseph money damages and the property, and noticed the motion for a hearing. In September 2012, Joseph's attorney filed another notice for a hearing on his motion, and, again, the case entered a period of relative inaction, where no substantive motions were filed.

¶6. Suffice it to say that on January 25, 2013, the chancellor issued an order, directing the parties' counsel to, among other things, meet and try to resolve the case within sixty days and to "set the matter for a conference with the court no later than sixty days out." The order set the case for review on March 18, 2013. The record reflects that nothing else transpired in the case until April 29, 2014, when the clerk filed a motion to dismiss for want of prosecution. On June 3, 2014, the chancellor entered an order granting the motion to dismiss the case. On January 5, 2015, Joseph filed a Rule 60 motion for relief from judgment, and it was denied by the court on May 2, 2016, without prejudice. This appeal followed.

3

DISCUSSION

¶7.     "[M]otions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984).  "The appeal from a denial of a Rule 60(b) motion brings up for review only the order of denial itself and not the underlying judgment." *Stevens v. Wade*, 214 So. 3d 301, 304 (¶11) (Miss. Ct. App. 2017) (internal quotations omitted).  Rule 60(b) reads as follows:

> (b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) fraud, misrepresentation, or other misconduct of an adverse party;
>>
>> (2) accident or mistake;
>>
>> (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
>>
>> (6) any other reason justifying relief from the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.  A motion under this subdivision does not affect the finality of a judgment or suspend its operation.  Leave to make the motion need not be obtained from the appellate court unless

4

the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court . . . .

¶8. Joseph argues that the chancellor abused his discretion in denying the motion for Rule 60(b) relief, because his attorney's dereliction of duties was the reason the case had not been adjudicated timely. He asserts that he never received notice that the case was to be dismissed, and the Rule 60(b) motion should have been granted in light of his attorney's failure. At the hearing on the motion, Joseph testified that, at some point, his attorney had been suspended by the Mississippi Bar for failure to pay his dues. He also testified that his attorney had pending indictments for drug charges. He asserts that he was not notified by the court about any of those occurrences, as the notices went to his attorney.

¶9. Joseph acknowledges that the trial court held, as has been held many times on appeal, that gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief under Rule 60. *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). However, he argues that an attorney's infidelity and failure to support the laws of this state should be more than sufficient. He also submits that the record sets out extraordinary and compelling circumstances, establishing that he was denied notice that the case was going to be dismissed and notice of the order that dismissed the case. In light of his attorney's actions, Joseph contends that the Rule 60(b) motion should have been granted.

¶10. Meyer responds that the court was correct in denying Joseph's motion. Meyer's argument is centered around the fact that there are no special circumstances that warrant a finding that the chancellor abused his discretion in dismissing this case for lack of prosecution. Although Joseph acknowledges that misconduct of an attorney is not grounds for setting aside such an order, he alleges that he falls into a special category, having been mistreated in a different fashion by his attorney. Meyer submits that no such special circumstances exist in this matter, as the record shows that over seven years passed between the time the lawsuit was filed and the motion to set aside the order dismissing the case for lack of prosecution was filed. Meyer also submits that the record shows that almost three years passed between when the last substantive action was filed in this matter on May 18, 2012, and the date the Rule 60(b) motion was filed on January 5, 2015.

¶11. Although the court did not provide an explanation for denying Joseph's motion in its order, it did discuss its reasoning on the record as follows:

> I have myself reviewed what I appreciate is the law on this issue. And the cases that I feel are controlling here are the *Town of Winstonville* versus *Demco*, D-E-M-C-O, *Distributing Company*, 640 So. 2d 40 (1993), which in effect holds that a dismissal based on a clerk's motion is then treated the same as any other motion insofar as setting it aside. It becomes a final motion and may not be set aside after that particular term of court, except pursuant to a Rule 60 motion which applies.
>
> The next case that I feel is instructive is the *Stringfellow* case at 451 So. 2d 219, a 1984 Supreme Court case, which says that a Rule 60 motion -- well, restated, that neither ignorance nor carelessness on the part of an attorney provides grounds for relief.

¶12. The seminal question in this case is whether Joseph's attorney's actions provide a

6

proper basis to support Joseph's motion. We find that they do not. Just as the supreme court points out, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." *Stringfellow*, 451 So. 2d at 221. Based on the record, the delay could be equally attributable to Joseph's inaction to assert his rights to hire another attorney if he was unsatisfied with the representation that he was receiving. Joseph's attorney had represented him from the inception of the case and continued to represent him after the court's January 25, 2013 order. Clearly, Joseph was satisfied enough with his attorney's performance to keep him as his attorney from at least 2007 to 2014. The record is unclear as to both the date of Joseph's attorney's inattentiveness to Joseph's case, and the date when the attorney no longer served as his attorney. Joseph testified that he was unaware of the ultimate dismissal of his case, and when he heard rumors that his attorney might lose his license, he then obtained new counsel. Underlying Rule 60(b) "is the implicit burden on the party and counsel to make periodic inquiries into the course of the proceedings." *Hartford Underwriters Ins. Co. v. Williams,* 936 So. 2d 888, 894 (¶17) (Miss. 2006) (internal quotations omitted). Joseph's testimony at the Rule 60(b) motion hearing demonstrated that he did not contact the court or make any inquires into his case, besides attempting to contact his attorney, even after he had learned about the dismissal from other sources.

¶13.    Since Joseph's motion was filed more than six months after the date of the judgment,

the catch-all provision of subsection (b)(6) of Rule 60, which provides relief from a judgment "for any other reason justifying relief," would be the only provision available for the granting of relief. The Mississippi Supreme Court has "referred to this catch-all provision as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief." *Hartford*, 936 So. 2d at 893-94 (¶15) (citation and internal quotations omitted). Based on our caselaw, we do not find that Joseph's attorney's actions warranted the granting of Joseph's motion.

¶14. Joseph failed to meet his burden of proof necessary to obtain relief under Rule 60(b). Therefore, we find that the chancellor acted within his sound discretion in denying the motion. Accordingly, we affirm the judgment of the circuit court denying Joseph's Rule 60(b) motion, which sought relief from the judgment dismissing the Thompsons' complaint for failure to prosecute.

¶15. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**