MAXWELL, J.,
for the Court:
¶ 1. Corey O’Neal Sims was indicted in 2008 for capital murder and four other felony counts related to his alleged involvement in a retaliatory home invasion, resulting in the killing of one individual and the wounding of another. Sims’s attorney negotiated an Alford plea to the *1229 lesser offense of murder.[1] In exchange, the State agreed to drop the remaining charges. On October 20, 2008, the circuit judge accepted Sims’s Alford plea to murder and sentenced him to life imprisonment. On September 15, 2010, Sims filed a “Motion to Vacate Judgment and Sentence,” alleging that his plea was involuntary and that his attorney’s representation was constitutionally deficient. The circuit court properly treated Sims’s motion as a request for post-conviction relief and held an evidentiary hearing on April 11, 2011.
¶ 2. Sims challenged the voluntariness of his Alford plea, insisting he would not have entered the plea had the circuit judge advised him he would not be eligible for parole.[2] He argued that while the circuit judge had explained he was bound to sentence Sims to life imprisonment under Mississippi Code Annotated section 47-7-3(l)(h) (Rev.2011), the judge had intended Sims “be eligible for early release or parole.” In response, the State claimed Mississippi Code Annotated section 47-5-139(l)(a) (Rev.2011), not section 47-7-3(1 )(h), governed Sims’s eligibility for early release. Under section 47-5-139(l)(a), Sims could petition the court for conditional release once he had reached the age of sixty-five and had served at least fifteen years in prison.[3] During the evidentiary hearing, the circuit judge maintained that when he had used the terms “early release” and “parole” during Sims’s plea colloquy, he had been “thinking” of “conditional release” under section 47-5-139(l)(a).
¶ 3. Sims’s PCR motion also alleged his attorney was ineffective for wrongly advising him that he would be eligible for parole in ten years. But his attorney testified at the evidentiary hearing and sharply disputed this claim. According to his attorney, the two had only discussed the sixty-five-years-old age requirement for early release under section 47-5-139(l)(a) before Sims’s Alford plea. The circuit judge found Sims’s attorney’s testimony more credible than Sims’s and denied the PCR motion. The next day, April 12, 2012, the circuit judge entered a written order reflecting the denial.
¶ 4. Sims did not appeal the circuit judge’s denial of his PCR motion. However, approximately three months later, Sims filed a motion to reconsider with the circuit court under Mississippi Rule of Civil Procedure 60(b). In this motion, Sims claimed the court erred in not ruling on his oral *1230 “Notice of Appeal.” Sims also asked the court to reconsider its order denying relief or allow him to amend his PCR motion.[4] The circuit judge rejected the oral notice claim and found Sims’s Rule 60(b) motion was merely an attempt to relitigate the same issues raised in his earlier PCR motion. Citing Sims’s failure to provide a sufficient basis for relief, the circuit judge denied the Rule 60(b) motion. Sims now appeals.
Discussion

A. Preserving Review of His PCR Claims

¶5. Sims had two options to preserve appellate review of the denial of the claims raised in his PCR motion. First, he could have appealed the circuit judge’s April 12, 2011 order within thirty days of entry of the judgment — by noticing an appeal with the circuit court no later than May 12, 2011. See M.R.A.P. 4(a). Second, he could have filed a post-trial motion under Rule 59 of the Mississippi Rules of Civil Procedure within ten days of the court’s order denying his motion, then appealed any adverse ruling within thirty days. See M.R.A.P. 4(d); Perkins v. Perkins, 787 So.2d 1256, 1261 (¶ 9) (Miss.2001) (explaining that an appeal from the denial of a Rule 59 motion to reconsider encompasses both the denial of the reconsideration and the underlying judgment). But Sims did neither. Thus, Sims’s involuntariness and ineffective-assistance-of-counsel claims are not properly before us.

B. Sims’s Rule 60(b) Motion

¶ 6. Although Sims attempts to use Rule 60(b) to resurrect his defaulted appeal of the order denying his PCR motion, “[a]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” Bruce v. Bruce, 587 So.2d 898, 903-04 (Miss.1991) (quoting Browder v. Director, Dep’t of Corn, of Ill., 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). As our supreme court has emphasized, “Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits. ...” Bruce, 587 So.2d at 903 (emphasis added). So we must strictly restrain our review to determining only the propriety of the trial court’s denial of Sims’s Rule 60(b) motion — not reviewing the merits of the trial judge’s denial of Sims’s PCR motion. The sole question we must answer “is whether the trial court’s [denial of the Rule 60(b) ] motion amounts to an abuse of discretion.” Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss.1988) (citing Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss.1984)).

C.Oral Notice of Appeal and Rehashed Arguments

¶ 7. In his Rule 60(b) motion, Sims argued he had provided the court with oral notice of his desire to appeal the denial of his PCR motion. He now claims he gave this oral notice during the evidentiary hearing, then sat on his appellate rights for over three months, waiting on the trial judge to rule on this supposed request to appeal. Even if true, our appellate rules mandate that notices of appeal must “be filed with the clerk of the trial court.” M.R.A.P. 4(a). And “[a] party desiring to appeal ... from a lower court must file a written notice of appeal,” not provide oral notice. URCCC 5.04 (emphasis added). There is also no procedural requirement that Sims obtain the trial judge’s permis *1231 sion to appeal. Rather, appeals from the denial of a PCR motion are permitted as of right, if “filed ... within 30 days after the date of entry of the ... order appealed from.” M.R.A.P. 4(a). And any mistaken beliefs Sims might have had about Mississippi’s appellate rules are insufficient to trigger Rule 60(b) relief absent “some showing that he was justified in failing to avoid mistake or inadvertence.” Stringfellow, 451 So.2d at 221 (citing 11 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2858, at 170 (1973)). Without such justification, a party’s “gross negligence, ignorance of the rules, or ignorance of the law is not enough.” Id. But these barriers aside, perhaps most important here is the fact that Sims’s steadfast assertion about giving oral notice of appeal during the April 11, 2011 evidentiary hearing is not supported by the record.
¶ 8. Smith also affixed a petition for “Post-Conviction Collateral Relief’ to his Rule 60(b) motion in an effort to retroactively amend his prior PCR motion. The circuit judge found this petition “allege[d] essentially the same things in the Motion to Vacate Judgment and Sentence, i.e.[,] involuntariness of petitioner’s guilty plea and ineffectiveness of counsel.” After considering Sims’s oral-notice claim and rehashed arguments, the circuit judge denied Sims’s Rule 60(b) motion for reconsideration, finding Sims had failed to provide “a sufficient basis for relief under [Rule 60(b) ].”
¶ 9. Generally, “Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances[.]” Stringfellow, 451 So.2d at 221. Our supreme court has held, “Rule 60 is not an escape hatch for litigants who have procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies.” State ex rel. Miss. Bureau of Narcotics v. One (1) Chevrolet Nova Auto., 573 So.2d 787, 790 (Miss.1990).
¶ 10. Our review of the record shows no oral notice of Sims’s desire to appeal and, indeed, no attempt to notice an appeal of the denial of his PCR motion. And even if it did, Rule 60(b) is concerned with collateral matters, and is not the proper mechanism for reviewing the merits of Sims’s PCR claims. Sims’s unexcused procedural default is not an “exceptional circumstance” warranting setting aside a final unappealed judgment. To the extent Sims recasts similar arguments to those raised in his PCR motion and evidentiary hearing, our supreme court has held that “Rule 60(b) motions should be denied where they are an attempt to relitigate the case.” Pruett v. Malone, 767 So.2d 983, 986 (¶ 14) (Miss.2000) (citing Stringfellow, 451 So.2d at 221).
¶ 11. After reviewing the record and the circuit judge’s stated reasons for denying Sims’s Rule 60(b) motion, we find no abuse of his discretion in denying this specific motion. Thus, we affirm the denial of Sims’s Rule 60(b) motion.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. An Alford plea, named after North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is a guilty plea in which a defendant does not acknowledge guilt, but concedes the government’s evidence is sufficient to prove his guilt beyond a reasonable doubt. Avery v. State, 95 So.3d 765, 766 n. 1 (Miss.Ct.App.2012).

. Mississippi Code Annotated section 47-7-3(l)(h) (Rev.2011) prohibits parole eligibility for murder and capital murder:
No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph. In addition to other requirements, if an offender is convicted of a drug or driving under the influence felony, the offender must complete a drug and alcohol rehabilitation program.... For purposes of this paragraph, "nonviolent crime” means a felony other than homicide....

.Section 47-5-139(l)(a) states:
An inmate shall not be eligible for the earned time allowance if: [t]he inmate was sentenced to life imprisonment; but an inmate, except an inmate sentenced to life imprisonment for capital murder, who has reached the age of sixty-five (65) or older and who has served at least fifteen (15) years may petition the sentencing court for conditional release....

. With his Rule 60(b) motion to reconsider, Sims attached what he titled "Petition for Post-Conviction Collateral Relief.” The circuit judge did not find the attachment a successive PCR motion, but noted it raised claims similar to those in Sims's "Motion to Vacate Judgment and Sentence.”