BARNES, J,
for the Court:
¶ 1. Bobby Campbell, appearing pro se, appeals the Jones County Circuit Court’s denial of his motion to reconsider the dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In May 2010, Campbell was indicted for aggravated assault; specifically, stabbing an individual in the chest. Campbell states he failed to appear at his plea hearing in February 2011. At this hearing, the State apparently made an oral motion to prosecute Campbell as a habitual offender, because on April 2, 2011, the trial court entered an order amending Campbell’s indictment to include his habitual-offender status under Mississippi Code Annotated section 99-19-81 (Rev.2007). After the order, on April 7, 2011, Campbell entered an amended petition to enter a plea of guilty as a habitual offender. On April 8, 2011, after the order and petition, the State filed a motion to amend Campbell’s indictment to include the habitual-offender status. Attached to the motion were two sentencing orders filed in 1994 for two prior felony convictions. In one conviction, Campbell pleaded guilty to burglary of a business and was sentenced to seven years in the *63 custody of the Mississippi Department of Corrections (MDOC), to run concurrently with the sentence in his other felony conviction, where Campbell pleaded guilty to burglary of a dwelling. In the latter conviction, the court sentenced Campbell to ten years in the custody of MDOC. However, the order stated that if Campbell completed the Regimented Inmate Discipline (RID) program, he would be released and placed on supervised probation for the remainder of his sentence.[1]
¶ B. At a plea hearing on April 21, 2011, Campbell pleaded guilty to the charge of aggravated assault as a habitual offender. The court sentenced him to twelve years as a habitual offender, with eight years to serve and the remainder of his sentence suspended upon successful completion of four years of post-release supervision.[2] On November 15, 2011, Campbell filed a pleading entitled “Petition for Writ of Ha-beas Corpus/Motion to Vacate Conviction and Sentence,” which the trial court treated as a PCR petition. In his petition, Campbell alleged his indictment was defective; he was denied a preliminary hearing; his sentence was illegal; the State’s motion to amend the indictment to reflect a sentence enhancement was deficient; and the prior conviction sentencing him to the RID program was inadequate for enhancing his sentence. The trial court dismissed Campbell’s petition, and Campbell filed a motion to reconsider under Mississippi Rule of Civil Procedure 60(b) on December 5, 2011. The motion was denied on December 7, 2011. Campbell filed a notice of appeal of the denial on January 9, 2012. On appeal, Campbell argues his indictment is defective; his sentence as a habitual offender is illegal; and he was improperly denied an evidentiary hearing.
ANALYSIS
¶ 4. Although Campbell focuses his appeal on the issues raised in his original PCR petition, Campbell did not appeal the judgment dismissing that petition; he appealed the denial of his motion to reconsider under Rule 60(b).[3] “An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” Sims v. State, 102 So.3d 1227, 1230 (¶ 6) (Miss.Ct.App.2012) (citing Bruce v. Bruce, 587 So.2d 898, 903-04 (Miss.1991)). Therefore, we shall limit our discussion only to the denial of the motion to reconsider, and will not reach the merits of the arguments raised regarding the dismissal of the original PCR petition, as these arguments are not properly before us.[4] See *64 Sims, 102 So.3d at 1230 (¶ 5) (This Court declined to analyze the merits of the original PCR petition on appeal as the defendant filed his motion to reconsider the denial of his PCR petition under Rule 60(b), which does not bring up the prior judgment.); Cook v. State, 921 So.2d 1282, 1283 (¶¶ 3, 7) (Miss.Ct.App.2006) (This Court declined to address the denial of the initial PCR petition, as the defendant filed an appeal of the denial of Rule 60(b) relief.).
1. Jurisdiction
¶ 5. While the State has not challenged appellate jurisdiction, we must determine whether Campbell’s appeal is properly before this Court. Mississippi Rule of Appellate Procedure 4(a) requires that the notice of appeal be filed with the trial court within thirty days of the entry of the judgment appealed from. Generally, an appeal shall be dismissed unless the notice of appeal is timely filed pursuant to Mississippi Rule of Appellate Procedure 4 or 5. M.R.A.P. 2(a)(1). But, Mississippi Rule of Appellate Procedure 2(c) allows this Court to suspend the requirements of appellate rules in the interest of justice. This Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases and “civil” PCR actions. See M.R.A.P. 2(c) cmt.
¶ 6. Here, the record indicates Campbell’s notice of appeal is untimely, as it was not filed within thirty days of the order. The trial court denied Campbell’s motion to reconsider on December 7, 2011. Campbell’s notice of appeal[5] was stamped “filed” on January 9, 2012, or one day late.[6] However, Campbell had dated the notice January 4, 2012.
¶ 7. The prison-mailbox rule states that in pro se PCR proceedings, the prisoner’s petition is considered delivered for filing when the prisoner gives the documents to prison authorities for mailing. Sykes v. State, 757 So.2d 997, 1000-01 (¶ 14) (Miss.2000). Here, the record does not indicate when Campbell delivered the documents to prison authorities for mailing. However, since his notice of appeal was received by this Court only one day late, the documents could have been delivered to prison authorities within the thirty-day time frame of Rule 4(a). Therefore, we exercise our discretion under Rule 2(c) to suspend the thirty-day requirement to the extent Campbell’s filing may have been untimely. Accordingly, this Court has jurisdiction to hear this appeal.
2. Motion to Reconsider Under Rule 60(b)
¶ 8. The trial court dismissed Campbell’s PCR petition on November 15, 2011. Instead of appealing this order, Campbell filed a motion to reconsider the dismissal under Rule 60(b) with the trial court. The trial court denied the motion as “not well taken.”
¶ 9. The standard of review for the trial court’s denial of a Rule 60 motion is abuse of discretion. Perkins v. Perkins, 787 So.2d 1256, 1261 (¶ 9) (Miss.2001). Rule 60(b) “provides for extraordinary relief granted only upon an adequate showing of exceptional circumstances.... ” Id. *65 (citing King v. King, 556 So.2d 716, 722 (Miss.1990)). Further, “[a] party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence ....” Id.
¶ 10. There are no “exceptional circumstances” cited in Campbell’s motion to reconsider; Campbell merely reiterates the same arguments in his motion for Rule 60(b) relief[7] as were found in his PCR petition. Campbell seeks relief for such allegations as a defective indictment, lack of an evidentiary hearing, and sentencing challenges. Additionally, these matters do not relate to any of the specific provisions listed in Rule 60(b) for which relief is granted.[8] In sum, we cannot find the trial court abused its discretion in denying Campbell’s motion to reconsider the dismissal of his PCR petition. Therefore, we affirm.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. We note that under section 99-19-81, the habitual offender does not have to have served the prior sentences; he merely must have been sentenced twice previously to separate terms of one year or more in a penal institution.

. We note in the instant case that the trial judge did not follow section 99-19-81 because he suspended a part of Campbell’s sentence, which is not allowed under the statute.

. While a PCR petition challenges aspects of a criminal conviction, by statute it is a civil action. See Miss.Code Ann. § 99-39-7 (Supp. 2012). Therefore, certain rules of civil procedure apply to PCR matters.

.We note if Campbell had filed his motion to reconsider under Mississippi Rule of Civil Procedure 59(e), the appeal would have encompassed both the denial of reconsideration and the underlying judgment. See Sims, 102 So.3d at 1230 (¶ 5) (citing Perkins v. Perkins, 787 So.2d 1256, 1261 (¶ 9) (Miss.2001)). However, Rule 59(e) provides that a "motion to alter or amend the judgment" must "be filed not later than ten days after entry of the judgment.” Accordingly, we note Campbell's motion to reconsider would not have been timely under Rule 59(e), as it was not filed within ten days of the judgment. The trial court dismissed Campbell's PCR petition on November 15, 2011. The motion to reconsider was dated November 30, 2011, and stamped "filed" on December 5, 2011. Un *64 der Rule 60(b), however, Campbell’s motion was timely. Rule 60(b) requires only that, depending on the allegations, "[t]he motion shall be made within a reasonable time, ... [or] not more than six months after the judgment ... was entered or taken.”

. Campbell's notice of appeal specifically stated he was appealing the trial court’s order of December 7, 2011. This order denied his motion to reconsider.

. The trial court entered Campbell's notice on Monday, January 9, 2012; however, thirty days from the judgment would have been Friday, January 6, 2012.

. In his motion to reconsider, Campbell makes the following arguments: the trial court failed to address the first claim in his PCR petition regarding his defective indictment; the trial court erred in finding he was not entitled to a preliminary hearing; the trial court erred in sentencing him as a habitual offender; the failure to object to the amendment of his indictment does not bar the issue on appeal; and the trial court improperly used one of his prior convictions to enhance his sentence as a habitual offender.

. Rule 60(b) relieves a party from a final judgment for reasons of (1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident or mistake; (3) newly discovered evidence; (4) the judgment is void; (5) the judgment is satisfied or otherwise vacated; and (6) any other reason justifying relief.