# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00568-COA

**TIMOTHY PRYER A/K/A TIMOTHY GENE PRYER A/K/A TIMOTHY G. PRYER**              APPELLANT

v.

**STATE OF MISSISSIPPI**                                                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2023 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY PRYER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 08/27/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.    The Itawamba County Circuit Court revoked Timothy Pryer's five-year suspended sentence, citing the following violations of the terms of his post-release supervision: (1) the failure to report as directed and (2) the failure to remain within a specified area (i.e., he moved to Missouri and was living at a residence within 1,000 feet of a daycare as a convicted sex offender). Pryer filed a motion for post-conviction relief (PCR), arguing that the circuit court erred in revoking his sentence. He claimed (among other issues) that he should have been sentenced to ninety days in a technical violation center and that the Mississippi Department of Corrections (MDOC) was equitably estopped from seeking to revoke his

sentence.[1] The court denied Pryer's motion, explaining that the violations "were more than mere technical violations" because Pryer had committed a felony by attempting "to reside within 1,000 feet of a child care facility[.]" The court also found Pryer's equitable-estoppel claim had no merit and was not supported by cited authority.

¶2. Pryer filed a motion to reconsider under Rule 60(b)(6) of the Mississippi Rules of Civil Procedure, challenging the circuit court's finding that he had committed a felony.[2] He argued that the judge's "own words confirm the violations for revocation are legally technical by definition[,] not felonies." Pryer also re-asserted his claim that the MDOC was "collaterally estopped from relitigating its case against Pryer in the second revocation hearing." Pryer appeals the circuit court's denial of his motion to reconsider. Because the MDOC's petition for revocation cited technical violations, not any charge(s) that Pryer had committed a felony, we find that the circuit court erred in denying Pryer's Rule 60(b)(6) motion to reconsider.

### FACTS AND PROCEDURAL HISTORY

¶3. On October 7, 2005, Pryer entered a guilty plea to sexual battery of his ten-year-old stepdaughter. The circuit court sentenced Pryer to twenty years in MDOC custody, with five years suspended and five years of post-release supervision. The sentencing order stated that upon his release, Pryer was to "register as sex offender as required by law," to "[r]eport to

---

[1] We have listed only those issues that are relevant to this appeal.

[2] Pryer filed his motion to reconsider more than ten days after the court's judgment; thus, his motion to reconsider is a Rule 60(b) motion under the Mississippi Rules of Civil Procedure.

the [(MDOC)], as directed by it," and to "[r]emain within a specified area unless authorized to leave on proper application[.]"

¶4. Pryer was released from MDOC custody on October 3, 2020, and placed on post-release supervision (PRS). Two days later, Pryer called the MDOC's Itawamba County field office to inform law enforcement that he had moved to Missouri to live with his mother and brother. Chris Loden, a probation/parole supervisor with the MDOC, spoke with Pryer. When Loden found no MDOC documentation authorizing Pryer to leave Mississippi, he instructed Pryer to return immediately to Itawamba County. Pryer informed Loden that "he had nowhere to go, no way to get" back; so Loden referred Pryer to a program coordinator to assist him with housing and allowed Pryer a two-week grace period to return to Mississippi. After Pryer still failed to report in person, the MDOC filed a petition to revoke his PRS with the circuit court on October 27, 2020, citing his failure to report and failure to remain within the specified area. Several days later, Pryer was arrested at his mother's home in Missouri, and he was transported to Mississippi on December 21, 2020.

¶5. A revocation hearing was held in the Itawamba County Circuit Court on January 6, 2021, presided over by Judge Paul Funderburk. Loden testified that "[a]ny person on supervision in the State of Mississippi is not allowed to leave the state without a proper application and a travel permit being issued by the [MDOC]." Loden also noted that the "probation reporting form" informed Pryer that he was "to report to 101 West Wiygul Street, Fulton, Mississippi," and that Pryer signed this form on September 28, 2020. Loden had spoken with Pryer's case manager at the Mississippi State Penitentiary on October 21, 2020,

who denied that she told Pryer he could go to Missouri. Pryer, however, explained to the circuit court that he did not have any family in Mississippi with whom he could stay.

¶6. Judge Funderburk noted that the probation-reporting form did not expressly order Pryer to return to Itawamba County within a specified time and that the evidence showed MDOC knew Pryer "was leaving the state by requesting a bus ticket to Memphis."[3] Therefore, the judge held the matter "in abeyance" for the MDOC to submit paperwork with the State of Missouri in hopes that Pryer would "be properly accepted by Missouri and be under their supervision for the remainder of this five years."

¶7. An MDOC "Event List" indicates that on February 10, 2021, MDOC field officer Charles Lowery informed Judge Funderburk that "Missouri had denied [Pryer's] residence due to it[s] being within 1,000 feet of a daycare and [Pryer's] being a sex offender." Lowery intended to talk with Pryer "and try to find another address and tell [Pryer] that this is his last chance or he will be brought back before the court and sentenced for the remainder of his time." Lowery talked to Pryer the following day. Pryer claimed that he had been told by Patricia Ramage, who was with the Christian County (Missouri) Sheriff's Department, that he was "grandfathered in" because he had been a resident at that address in 1998, and the daycare was built in 2008. However, although Pryer did attempt to register as a sex offender in Missouri, Ramage later notified Pryer that he was not "grandfathered in" because he did not live at that residence in 2008, and she ordered him to vacate the residence within thirty

---

[3] Loden noted that providing a bus ticket to Memphis was standard procedure. Pryer later informed MDOC that he would not be using the bus because a family member (his brother) would pick him up.

days.  Before the thirty-day period  expired, however, the MDOC had Pryer arrested for his probation violations.

¶8.     A second revocation hearing was held on March 5, 2021.  Lowery testified that when Pryer attempted to register as a sex offender in Missouri, he was given thirty days "to leave the residence because it was within a thousand feet of a daycare."  The State of Missouri would not allow Pryer to transfer his probation there.  Lowery told the court, "We spoke to the offender on multiple occasions[,] and we gave him a sufficient amount of time to get back. . . . [The] MDOC exhausted all opportunities, and then we never heard back from [Pryer]."

¶9.     Noting that the State of Mississippi had no obligation to find Pryer a qualified place to live in Missouri and that Pryer had failed to apply to go to Missouri upon his release, Judge Funderburk found Pryer in violation of his PRS terms and revoked his suspended five-year sentence.  On March 5, 2021, the circuit court entered its order revoking Pryer's probation and imposing the remainder of his sentence, finding:

> That the Defendant Timothy Gene Pryer has violated the terms and conditions of his Post-Release Supervision, to wit:
>
> 1. Failure to Report as Directed:  Pryer signed a reporting form instructing him to report to the Itawamba County Probation and Parole Field officer immediately after being released. The offender failed to report as directed after being released on 10/3/2020.  Pryer was then instructed by PPAS Loden over the phone to return to Mississippi and report to the Itawamba County Field Office on 10/6/2020 but the offender failed to do so.
>
> 2. Failure to Remain Within a Specified Area:  After being released from incarceration to Post Release Supervision on

5

> 10/13/2020[,] Mr. Pryer was picked up by his brother in Memphis, TN and went to his mother's residence at 306 W. Hunter Drive Nixa, MO. Pryer was then instructed by PPAS Loden over the phone to return to Mississippi on 10/6/2020 to complete the proper paperwork but failed to do so. *The offender tried to live with his mother at 306 W. Hunter Drive Nixa, MO, but the residence was denied due to being within 1,000 feet of a daycare. Mr. Pryer was given 30 days by Christian County, MO to vacate the residence but the offender was arrested before the 30 days.*

(Emphasis added).[4] Pryer appealed the court's ruling directly, which the Mississippi Supreme Court dismissed. *See Rudd v. State*, 303 So. 3d 841, 843 (¶14) (Miss. Ct. App. 2020) (recognizing that "an order revoking probation is not appealable").

¶10. Pryer subsequently filed a "Petition for Post-Conviction Relief" on October 3, 2022. Pryer alleged that (1) he was not subject to the conditions of his PRS because he did not sign the sentencing order; (2) his five-year suspended sentence and PRS are a nullity under the terms of the sentencing order; (3) his time served in jail awaiting his revocation hearing was cruel and unusual punishment; (4) he is serving an illegal sentence because he should have been sentenced to ninety days in a technical violation center; (5) the MDOC is equitably estopped from seeking to revoke his sentence; and (6) the Mississippi Code is unconstitutionally "discriminatory and vague" because it only uses male-gendered pronouns.

¶11. The MDOC responded, asserting that Pryer's claims were without merit because Pryer "left the state of Mississippi without authorization to leave the state, failed to register as a sex offender, [and] failed to present eligible housing as a sex offender, and therefore, his Post-

---

[4] This emphasized portion of the ruling was added by the circuit court in its ruling; this language was not included in the MDOC's original petition for revocation.

6

Release Supervision was properly revoked." The MDOC cited Mississippi Code Annotated section 47-7-37(4) (Rev. 2022), which provides (in part):

> In determining the danger posed by the release of the offender or probationer, the court may consider the nature and circumstances of the violation and any new offenses charged; the offender or probationer's past and present conduct, including convictions of crimes and any record of arrests without conviction for crimes involving violence or sex crimes; any other evidence of allegations of unlawful sexual conduct or the use of violence by the offender or probationer; the offender or probationer's family ties, length of residence in the community, employment history and mental condition; the offender or probationer's history and conduct during the probation or other supervised release and any other previous supervisions, including disciplinary records of previous incarcerations; . . . and any other facts the court considers relevant.

*Id.* The MDOC noted that Pryer was "a convicted sex offender" and that the circuit judge, in addressing the violations, revoked Pryer's probation "based on the nature of [the] original charge and conviction."

¶12. On March 10, 2023, the circuit court entered an order denying Pryer's PCR motion. The court held, "While on their face [Pryer's] two violations appear technical in nature—failure to report for less than six months and leaving the state without permission—they were more than mere technical violations." Specifically, the court determined that Pryer's "attempt[] to reside within 1,000 feet of a child care facility" was a felony; so the court was "fully within its jurisdiction and discretion to 'revoke his probation and impose any or all sentence,'" citing Mississippi Code Annotated section 47-7-37.1 (Rev. 2022). The court also found no merit to Pryer's other claims.

¶13. Pryer filed a "Motion to Strike Response, Motion to Stay Proceedings" on March 20, 2023, claiming (1) that the State had presented "uncertified exhibits" and had made false

7

statements before the court and (2) that he had "legally registered" as a sex offender while in Missouri. He also requested that the proceedings be stayed pending a ruling on his objection to Judge Funderburk's presiding over the action.[5] On April 3, 2023, Pryer additionally filed a motion for reconsideration in which he disputed the court's ruling that he was not entitled to serve ninety days in a technical violation center because he had committed a felony (by residing within 1,000 feet of a daycare). The circuit court denied Pryer's motion for reconsideration on April 10, 2023, finding the motion "not well-taken."

¶14. Pryer filed his notice of appeal of the court's denial of his motion for reconsideration on May 9, 2023. Because Pryer's motion to reconsider was not filed within ten days of the court's order denying his PCR motion, it did not toll the thirty-day deadline to appeal. Therefore, our discussion on appeal is limited to the court's order denying Pryer's motion to reconsider. *See* Order, No. 2023-CP-00568-COA (Miss. Ct. App. Aug. 2, 2023); *see also Woods v. Victory Marketing LLC*, 111 So. 3d 1234, 1236 (¶8) (Miss. Ct. App. 2013) ("[A] notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this court's review to whether reconsideration was properly denied under Rule 60(b)."). "[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Sims*

---

[5] Although not relevant to this appeal, Pryer filed a motion for clarification concerning the recusal on January 24, 2023. In a separate action (CV22-102), Pryer had filed four separate motions for the recusal of all four judges in the Itawamba County Circuit Court. In the motion for clarification, he argued that those motions for recusal also applied to the PCR proceeding (CV22-109). The Itawamba County circuit clerk subsequently filed those motions for recusal in cause number CV22-109 on January 24, 2023. Judge Funderburk denied that motion for recusal and the motion for clarification on January 30, 2023. Pryer then filed a motion objecting to Judge Funderburk's presiding over cause number CV22-109 on February 27, 2023.

*v. State*, 102 So. 3d 1227, 1230 (¶6) (Miss. Ct. App. 2012).

## DISCUSSION

¶15. In his motion to reconsider, Pryer argued that the circuit court erred in denying his PCR motion on the basis that he had committed a felony. He claimed the violations of the terms of his PRS were "technical violations as defined under" Mississippi Code Annotated section 47-7-2(q) (Rev. 2022).[6] Mississippi Code Annotated section 47-7-37(5)(a) provides in part:

> If the court revokes probation for one or more technical violations, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first revocation and not to exceed one hundred twenty (120) days for the second revocation.

Thus, Pryer argues on appeal that he is serving an illegal sentence.

¶16. Mississippi Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the judgment." Relief under Rule 60(b)(6), however, is "reserved for 'extraordinary and compelling circumstances.'" *Mosley v. State*, 203 So. 3d 21, 23 (¶9) (Miss. Ct. App. 2016). The "sole question" in reviewing a trial court's denial of a Rule 60(b) motion to reconsider is whether the court abused its discretion. *Sims*, 102 So. 3d at 1230 (¶6). In this instance, we find such compelling circumstances are present.

---

[6] Section 47-7-2(q) defines a "[t]echnical violation" as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer."

¶17. As discussed, the MDOC's petition for revocation cited two technical violations of Pryer's PRS terms: (1) the failure to report and (2) the failure to remain within a specified area (i.e., he moved to Missouri). MDOC made no claim in the petition for revocation that Pryer had committed any felony.[7] The circuit court even conceded in its order denying Pryer's PCR motion that the cited violations appeared technical "on their face." The court nevertheless revoked Pryer's sentence based on Mississippi Code Annotated section 47-7-37.1, which provides that "if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony . . . , the court may revoke his probation and impose any or all of the sentence." Specifically, the court determined that Pryer's residing at his mother's house in Missouri, which was within 1,000 feet of a daycare, was a felony and warranted revocation of the remainder of his sentence.

¶18. In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the United States Supreme Court outlined the minimum due-process requirements for revocation hearings:

> (a) *written notice of the claimed violations* of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) *a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole*.

---

[7] Although the MDOC Event List noted on December 23, 2020, that Pryer had "abscond[ed]," Lowery admitted to the court at the March 2021 hearing that Pryer's failure to report "was under six months." *See* Miss. Code Ann. § 47-7-37.1 (noting that "'absconding from supervision' means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months").

*Id.* at 786 (emphasis added) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). We find that the court's revocation of Pryer's suspended sentence for a violation (the commission of a felony) not listed in the petition for revocation, particularly when Pryer made attempts to comply with the terms of his PRS terms under the circumstances (e.g., not exceeding the thirty days' order to vacate), was a violation of Pryer's due-process rights and warrants relief under Rule 60(b)(6).

¶19. The Mississippi Supreme Court has recognized "that Rule 60(b)(6) 'stands as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief.'" *Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 969 (¶21) (Miss. 1998) (quoting *Accredited Sur. & Cas. Co. v. Bolles*, 535 So. 2d 56, 60 (Miss. 1988)). We find that the "extraordinary and compelling circumstances" in this case warrant the circuit court's role to invoke "equitable power to do justice." For this reason, we reverse the court's order denying Pryer's motion to reconsider and remand for the imposition of a technical violation order.

¶20. We find no merit to Pryer's remaining claim that the State was collaterally estopped from raising the same issues in the separate revocation hearings. His only argument is simply that the State was represented by different counsel and a different MDOC witness at the second hearing.[8] Additionally, at the first hearing, the circuit court expressly held the matter of revocation "in abeyance" in hopes that the MDOC and Pryer could work out an arrangement with the State of Missouri to prevent terminating his PRS.

---

[8] Lowery did not testify at the first hearing because he was ill.

¶21.     Accordingly, the circuit court's order denying Pryer's Rule 60(b) motion to reconsider is reversed, and the case is remanded for the imposition of a technical violation order.

¶22.     **REVERSED AND REMANDED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**