SOUTHWICK, P.J.,
for the Court:
¶ 1. A default judgment was entered in favor of Henry Bond. On appeal the defendant Chris Brown argues that he was not properly served. We disagree with the trial judge that there were two alternative means by which service could have been accomplished in this case, though we agree with the applicability of one of them. The trial judge’s findings were ambiguous as to whether he found the deputy sheriff credible when he testified that he completed the applicable service. We seek a clarification from the trial court on this point. We reverse and remand for that limited purpose.
FACTS
¶ 2. Bond filed a complaint against Brown for personal injuries resulting from an alleged assault and battery. Bond claimed that Brown had struck him in his left cheek with a glass bottle causing physical injury, lost wages, and pain and suffering. The means of service is disputed and will be discussed below. Brown did not file an answer. After Bond’s motion pointing out the failure, the clerk made an entry of default. M.R.C.P. 55.
*239 ¶ 3. Bond’s motion sought a hearing after the clerk’s entry of default so that a default judgment might be entered. He gave Brown notice of the hearing. Brown appeared without an attorney and attempted to demonstrate good cause for not responding to the complaint. The main issue of dispute was whether Brown had received proper service of the summons and complaint. The court judge found that Brown had been served and refused to set aside the entry of default. After an evidentiary hearing, he awarded $12,500 in damages for the tortuous conduct.
DISCUSSION

Service of process

¶ 4. The only issue that we address concerns whether the circuit court ever acquired jurisdiction. The return of service indicated that the summons and complaint were served personally upon Brown. How in fact they were served elicited three explanations.
¶ 5. In the first version, deputy sheriff Lester Blackmore testified that he knew Brown and personally served him with a copy of the summons and complaint. Blackmore completed the return of service form. He testified that had he not personally served Brown he would not have completed the return in that fashion. The record contains a copy of the summons which discloses the proper address, the deputy’s signature, and that it was personally served on Brown on May 9, 1998.
¶ 6. To the contrary, Brown testified that he was not personally served. He stated that on May 9, 1998 he did not live at the address noted on the summons but instead lived across the street.
¶ 7. The final explanation came from Glenda Brown. She stated that she was Brown’s cousin, “but I raised him as a mother.” She disputed Brown’s statement that he lived across the street and testified that they both were residing at the address printed on the summons. However, Chris Brown was not at the house at the time the summons and complaint were delivered. Moreover, it was deputy sheriff Donnie Johnston and not deputy sheriff Blackmore who came to the house. Johnston gave the summons to her, not to the defendant Chris Brown. At the time of delivery she was preparing for a move to another house and laid the summons and complaint on a box. She did not know what had happened to them later, but she knew that she had not given them to Brown.
¶ 8. What the trial judge considered to be the relevant legal principle is revealed by the exchange between the judge and the plaintiff Bond’s attorney at the conclusion of the testimony:
MR. CHAZE: Pursuant to Rule 4, I believe either way he’s been served if he served a person that’s a full-time resident of the same household, is my understanding of Rule 4. But frankly I would stand behind the deputy of Stone County. He testified under oath that he served the gentleman.
But from either perspective, with respect to Rule 4, I believe it specifically says that if you serve somebody that’s a resident of the household that’s also good service of process.
THE COURT: I believe you’re correct, that when the service is had upon an adult resident of the household in the absence of the named defendant it’s still good service of process. The fact that service was left somewhere else or lost or what have you, that’s not the plaintiffs fault.
MR. CHAZE: I would also add, Your Honor, I must say there’s no sense in making anecdotal observations, but it would be unusual for such an important *240 paper to have been served on a woman who’s acting as Mr. Brown’s mother and surmise from that or deduce from that she never gave it to him.
But once again, I stand behind the Stone County Sheriffs department and its integrity. That’s my primary contention here. But even taking the perspective of Mr. Brown, he’s still been served. And it simply comports with Rule 4 and 2 as opposed to simply one.
THE COURT: Okay.
It is evident, then, that the judge considered leaving the summons with the defendant’s adult relative to be sufficient regardless of whether Brown himself was served.
¶ 9. In order to determine whether that is correct, we quote the procedural rule. The means to serve an individual is the following:
(A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subpara-graph (1)(A) of this subdivision cannot be made with reasonable diligence by leaving a copy of the summons and complaint at the defendant’s usual place of abode with the defendant’s spouse or some other person of the defendant’s family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.
M.R.C.P. 4(d)(1).
¶ 10. Therefore, if service is not made personally upon the defendant or an agent specifically authorized for service of process, it can be left with a member of the defendant’s family over the age of 16, a description that applies to Glenda Brown. However, if service is made upon a relative, then the summons and complaint must also be mailed to the defendant at the same address. The supreme court has found that mailed notice is a prerequisite to the completion of this form of service. Williams v. Kilgore, 618 So.2d 51, 56 (Miss.1992).
¶ 11. In the present case, there was unequivocal testimony from deputy sheriff Blaekmore that he knew the defendant Brown and gave him a copy of the summons and complaint. Both Chris Brown and Glenda Brown denied this. The trial judge stated that regardless of whether Glenda Brown or deputy Blackmore’s version was accepted, the service was valid. Thus he never reached the question of whether he believed the Browns or the deputy sheriff.
¶ 12. The credibility of witnesses is a matter left to the discretion of the trial court. We have no means to determine which explanation the trial judge accepted since he did not believe that it mattered legally. We may uphold the lower court on a different legal basis than the one on which he relied, or as here, uphold him on one of the two bases. Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss.1990). In order to expedite the resolution of this case, either to approve what was done or to determine that there was no jurisdiction, we seek the assistance of the trial court. We are authorized to return a case to a trial court for findings of fact that we find necessary for disposition. M.R.A.P. 14(b). We exercise that discretion here.
¶ 13. The trial judge shall have thirty days to make this necessary finding of fact. Does he find that the summons and complaint were served on Chris Bond by *241 the deputy sheriff, or does he find that these papers were left with an adult relative, namely, Glenda Brown? When the circuit judge has those findings returned to us, they should also been sent to the attorneys for the parties. Each party will have 15 days from the date that these findings are entered to submit for our consideration a supplemental brief of no more than ten pages if either party believes that to be useful.
¶ 14. THE JUDGMENT OF STONE COUNTY IS REMANDED FOR THIRTY DAYS FOR FINDINGS OF FACT CONSISTENT WITH THIS OPINION. THE ATTORNEYS SHALL HAVE FIFTEEN DAYS FROM THE DATE OF THE ENTRY OF THOSE FINDINGS OF FACT TO RESPOND.
McMILLIN, C.J., LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BRIDGES AND IRVING, JJ.