MAXWELL, J.,
for the Court:
¶ 1. Jerome and Arletha Woods argue the Monroe County Circuit Court improperly granted summary judgment in favor of Victory Marketing LLC. But the Woods did not appeal the circuit court’s final order granting Victory Marketing summary judgment. Instead, they appeal the denial of their Rule 60(b) motion to reconsider.[1] On a Rule 60(b) motion to reconsider, we do not reach the merits of the underlying judgment but instead solely consider whether the circuit court abused its discretion by denying reconsideration. Because the Woods were simply trying to relitigate their case through their motion to reconsider by presenting evidence they could have presented while the summary-judgment motion was pending, we find their motion was properly denied. Thus, we affirm.
Background
¶ 2. Victory Marketing is a convenience-store operator doing business as “Sprint Mart.” In December 2009, Jerome allegedly fell on an aisle at the Sprint Mart in Amory, Mississippi. According to Jerome, while perusing the aisle, he slipped on a “wet substance” that smelled “waxy.” On his way down, he hit his knee before landing on his back. After he fell, another customer, Eunice Bonman, entered the store and saw Jerome on the ground. Jerome was transported by medics to a local hospital. Both he and his wife sued Victory Marketing for damages caused by the slip and fall.
¶ 3. The circuit court originally granted Victory Marketing’s motion for summary judgment after it sat unopposed for three months. The Woods’ attorney filed a motion to reconsider, which was granted. After giving the Woods the opportunity to present evidence supporting their negligence claim, the circuit court again granted summary judgment in favor of Victory Marketing — this time on the merits, finding the Woods failed to create a jury issue on the elements of premises liability.
¶ 4. A final judgment was entered on January 28, 2012. On February 7, fifteen days after the entry of the final judgment, the Woods filed a second motion to reconsider. Attached to this motion was an affidavit by Bonman, which the Woods argued created an issue of material fact on whether Victory Marketing had created a *1236 dangerous condition by mopping the floor prior to Jerome’s fall. This time reconsideration was denied. And on March 8, more than thirty days after the entry of the final judgment, the Woods appealed.
Discussion
¶ 5. The Woods argue that Bon-man’s affidavit creates a factual dispute preventing summary judgment under Rule 56. See M.R.C.P. 56(c); see also Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991) (“All that is required of a non-movant to survive a motion for summary judgment is to establish a genuine issue of material fact[.]”). But the Woods did not file their notice of appeal within thirty days of the January 23, 2012 grant of summary judgment. See M.R.A.P. 4(a). Instead, they filed their March 8, 2012 notice of appeal within thirty days of the denial of their motion to reconsider that judgment. So the issue on appeal is not whether summary judgment was properly granted but instead whether reconsideration was properly denied.
I. The Woods’ Motion to Reconsider
¶ 6. The Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under Rule 59 or (2) file for a relief from a final judgment under Rule 60(b). M.R.C.P. 59, 60(b). The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion.
¶ 7. A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion. M.R.C.P. 59(b), (e); M.R.A.P. 4(d); City of Jackson v. Jackson Oaks Ltd. P’ship, 792 So.2d 983, 985 (¶ 3) (Miss.2001) (citations omitted). Consequently, a notice of appeal following the denial of a Rule 59 motion to reconsider encompasses both the denial of reconsideration and the underlying judgment. Perkins v. Perkins, 787 So.2d 1256, 1261 (¶ 9) (Miss.2001) (citations omitted).
¶8. But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b). City of Jackson, 792 So.2d at 985 (¶ 3). And a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995) (citing Bruce v. Bruce, 587 So.2d 898, 903 (Miss.1991)). So a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this court’s review to whether reconsideration was properly denied under Rule 60(b). This court has no jurisdiction to consider the merits of the underlying judgment. Melton v. Smith’s Pecans, Inc., 65 So.3d 853, 858 (¶ 18) (Miss.Ct.App.2011) (citing Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990); Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss.1988); Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984)).
¶ 9. The Woods acknowledge that, while the trial court entered its final judgment on January 23, 2012, they did not file their motion to reconsider until February 7, 2012. But they suggest there was no timing issue because they filed for reconsideration “within two weeks of the final [o]r-der.” However, there is a timing issue for the Woods because filing for reconsideration fifteen days after the final judgment puts the Woods’ reconsideration motion outside of Rule 59. See M.R.C.P. 59(b), (e) (requiring that a motion for a new trial or to alter or amend the judgment “shall be filed not later than ten days after the entry of the judgment”); City of Jackson, 792 So.2d at 985 (¶ 3) (holding a motion for clarification filed twelve days after the en *1237 try of the judgment fell under Rule 60(b)). Because the Woods’ motion to reconsider fell under Rule 60(b), we do not review the underlying grant of summary judgment de novo. Instead, we review the denial of reconsideration for abuse of discretion. See Melton, 65 So.3d at 858 (¶ 18) (applying a limited abuse-of-discretion standard of review to a denial of a Rule 60(b) motion).
II. The Circuit Court’s Denial of Reconsideration
¶ 10. Rule 60(b) permits the trial court, “[o]n motion and upon such terms as are just,” to “relieve a party ... from a final judgment” for one of six enumerated reasons, two of which are relevant to the Woods’ motion: (1) “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b),” and (2) the catchall “any other reason justifying relief from the judgment.” M.R.C.P. 60(b)(3), (6).
¶ 11. The sole argument in the Woods’ motion to reconsider was that Bonman’s attached affidavit created a material factual dispute defeating summary judgment. But they failed to show this affidavit was newly discovered evidence that was undis-coverable until after Rule 59’s ten-day time limit had passed. See M.R.C.P. 60(b)(3). In fact, the Woods acknowledged in their motion to reconsider that they had identified Bonman as an eyewitness during discovery. So Bonman’s affidavit testimony was certainly discoverable prior to the summary-judgment ruling. See Richardson ex rel. Richardson v. DeRouen, 920 So.2d 1044, 1050 (¶ 17) (Miss.Ct.App.2006) (holding the trial court properly denied a Rule 60(b) motion because medical records, which the plaintiff knew about during trial, were not “newly discovered evidence”).
¶ 12. The Woods have also failed to show any other reason justifying relief. Recently, the Mississippi Supreme Court rejected the argument that a Rule 59 motion to reconsider, which was supported solely by an affidavit that could have been obtained prior to the final judgment, should have been granted. Fowler v. White, 85 So.3d 287, 292 (¶¶ 18-19) (Miss.2012). The supreme court adopted the Fifth Circuit’s view that “the unexcused failure to present evidence which is available at the time summary judgment is under consideration eonstitute[s] a valid basis for denying a motion to reconsider.” Id. at (¶ 19) (quoting Russ v. Int’l Paper Co., 943 F.2d 589, 593 (5th Cir.1991)). Here, the Woods provided no excuse for their failure to present Bonman’s affidavit at the time the trial court granted their first motion to reconsider and considered the merits of Victory Marketing’s summary-judgment motion. Thus, their second motion to reconsider was properly denied.
Conclusion
¶ 13. The supreme court and this court have been consistent in holding that a Rule 60(b) motion should be denied where it is merely an attempt to relitigate. E.g., City of Jackson v. Jackson Oaks Ltd. P’ship, 860 So.2d 309, 311-12 (¶6) (Miss.2003); Stringfellow, 451 So.2d at 221; Piernas v. Campiso, 95 So.3d 723, 726 (¶ 11) (Miss.Ct. App.2012); Guinn v. Wilkerson, 963 So.2d 555, 558 (¶ 7) (Miss.Ct.App.2006). That is exactly what the Woods were trying to do when they presented Bonman’s affidavit to the circuit court through a Rule 60(b) motion to reconsider. After being afforded the opportunity to litigate their claim through their successful first motion to reconsider, which was necessitated by their failure to timely respond to Victory Marketing’s motion for summary judgment, they were not entitled to relitigate *1238 their claim when the circuit court ruled against them for failure to present sufficient evidence. Having already provided the Woods the proverbial second bite at the apple, the circuit court did not abuse its discretion by denying them a third. We therefore affirm.
¶ 14. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. See M.R.C.P. 60(b).