MAXWELL, J.,
for the Court:
¶ 1. Arthur Davis suggests he is appealing the grant of summary judgment to his former criminal-defense attorney, Travis Vance. But what Davis is really doing is appealing the denial of his Rule 60(b) motion to reconsider the grant of *963 summary judgment to Vance.[1] Our review of the denial of a Rule 60(b) motion is extremely limited. We are not allowed to inquire into the actual merits of the underlying judgment. Instead, we ask if Rule 60(b) provides relief.
¶ 2. Rule 60(b) applies only to “extraordinary circumstances, for matters collateral to the merits.”[2] And in his Rule 60(b) motion, Davis neither presented “extraordinary circumstances” nor collateral matters. Because Davis’s challenge focused just on the merits of the summary-judgment decision, we find the trial judge did not abuse his discretion in denying Davis’s motion.
¶ 3. Therefore, we must affirm.
Background
¶ 4. In 2006, the Mississippi Highway Patrol pulled over Davis’s Mercedes and found two pounds of marijuana in his car. The Mississippi Bureau of Narcotics (MBN) seized the drugs and filed a notice of civil forfeiture against the Mercedes. In 2007, while Davis was out on bond in the marijuana case, federal authorities arrested him on cocaine charges. This arrest led to Davis’s imprisonment in a federal camp in Florida, where Davis is still jailed.
¶ 5. Also in 2007, Davis hired Vance to defend him against the state charges. Davis paid Vance a $5,000 retainer and deposited with Vance $8,000 in escrow to pay any fines MBN might impose. In June 2008, Vance signed off on an agreed order to forfeit Davis’s Mercedes. This led to the state charges against Vance being dropped without further monetary penalty.
¶ 6. In September 2011, Davis sued Vance for legal malpractice. Davis alleged Vance breached his fiduciary duties when he agreed to forfeit Davis’s Mercedes because Davis had not authorized Vance to do so. Davis also alleged Vance converted the $8,000 Davis had placed in escrow because Vance did not return the money, even though no fines were ever imposed.
¶ 7. Because Davis’s complaint was filed more than three years after the Mercedes had been forfeited and the state charges had been resolved, Vance filed a motion for summary judgment, asserting Davis’s claims were barred by the statute of limitations. See Miss.Code Ann. § 15-1-49(1) (Rev.2012) (“All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.”). The trial judge agreed and granted summary judgment in Vance’s favor.
¶ 8. The judge’s final order dismissing all of Davis’s claims on summary judgment was entered on September 12, 2012. Almost two months later, on November 7, 2012, Davis filed a motion to reconsider. Davis attached to his motion evidence he claimed created a material factual dispute over whether Vance had authority to forfeit his Mercedes. Davis also argued the trial judge miscalculated the statute-of-limitations period, which had been tolled by the discovery rule.[3] See Miss.Code Ann. § 15-1-49(2).
¶ 9. The trial judge denied Davis’s motion to reconsider on December 5, 2012. On December 28, 2012 — within thirty days of the denial of the motion to reconsider *964 but more than three months after the entry of summary judgment — Davis filed a notice of appeal.
Discussion
¶ 10. On appeal, Davis argues his claims against Vance were not barred by the statute of limitations and should have survived summary judgment based on the existence of material factual disputes. But these are arguments that challenge the merits of the grant of summary judgment — an issue we lack jurisdiction to consider.
I. Davis’s Motion to Reconsider
¶ 11. As we have explained: The Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under Rule 59 or (2) file [a motion] for ... relief from a final judgment under Rule 60(b). The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion.
A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion. Consequently, a notice of appeal following the denial of a Rule 59 motion to reconsider encompasses both the denial of reconsideration and the underlying judgment.
But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b). And a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal. So a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this court’s review to whether reconsideration was properly denied under Rule 60(b).
Woods v. Victory Mktg., LLC, 111 So.3d 1234, 1236 (¶¶ 6-8) (Miss.Ct.App.2013) (internal citations omitted).
¶ 12. Davis’s motion to reconsider was not filed within ten days of the entry of the judgment. Thus, it was not a Rule 59(e) motion to alter or amend the judgment.[4] See M.R.C.P. 59(e). Instead, Davis’s motion fell under Rule 60(b). See M.R.C.P. 60(b). So we are strictly limited to reviewing whether his Rule 60(b) motion was properly denied. See Woods, 111 So.3d at 1236 (¶ 8). We have no jurisdiction to review whether summary, judgment was properly granted. See id.
II. Trial Judge’s Denial of Reconsideration
¶ 13. But as mentioned, we are able to review the propriety of the denial of Davis’s Rule 60(b) motion. And based on this limited review, we find the trial judge did not abuse his discretion when he denied Davis’s motion. See Woods, 111 So.3d at 1237 (¶ 9) (applying a limited abuse-of-discretion standard of review to a denial of a Rule 60(b) motion).
¶ 14. “As our supreme court has emphasized, ‘Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits.’ ” Sims v. State, 102 So.3d 1227, 1230 (¶ 6) (Miss.Ct.App.2012) (quoting Bruce v. Bruce, 587 So.2d 898, 903 (Miss.1991)). And here, Davis has shown no extraordinary circumstances entitling him to relief. The documents he attached to his motion to reconsider were not “newly discovered evidence which by due diligence could not have been discovered in time to *965 move for a new trial under Rule 59(b).” See M.R.C.P. 60(b)(3). Instead, this was evidence he could have presented to the court before the judge’s summary-judgment ruling. See Woods, 111 So.3d at 1237-38 (¶¶ 12-13) (affirming the denial of the Rule 60(b) motion to reconsider because the evidence attached could have been obtained prior to the trial court’s grant of summary judgment). Nor were the matters he raised in his Rule 60(b) motion collateral to the merits. See Bruce, 587 So.2d at 903. Rather, they went to the heart of the trial judge’s decision to grant summary judgment and were required to have been raised in a timely Rule 59(e) motion. See Bruce, 587 So.2d at 903 (“Rule 59(e) motions go to the heart of the matter to those issues predicate to a decision on the merits.”).
¶ 15. In short, by filing a Rule 60(b) motion, Davis was limited to relief based on “extraordinary circumstances,” not relief based on the merits. Bruce, 587 So.2d at 903; see also Woods, 111 So.3d at 1237-38 (¶ 13) (emphasizing that Rule 60(b) motion cannot be used to relitigate the merits of the trial court’s decision). Because Davis did not present evidence that extraordinary circumstances existed, the judge acted within discretion when he denied Davis’s motion. Thus, we must affirm.
¶ 16. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. See M.R.C.P. 60(b).

. Sims v. State, 102 So.3d 1227, 1230 (¶ 6) (Miss.Ct.App.2012) (quoting Bruce v. Bruce, 587 So.2d 898, 903 (Miss.1991)).

.According to Davis, because of his imprisonment he did not learn until 2010 that his Mercedes had been forfeited and that the $8,000 had not been needed to pay fines.

. While Davis apparently had asked the trial judge for a thirty-day extension, Rule 59(e) does not permit such a request. See M.R.C.P. 59 cmt. ("A motion to alter or amend must be filed within ten days after the entry of judgment; the court is not permitted to extend this time period.”).