# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01261-COA

**CHARLIE D. JACKSON**                                                    **APPELLANT**

**v.**

**BALDWIN SAND & GRAVEL, A DIVISION OF**                    **APPELLEES**
**W.G. YATES & SONS, AND JERRY STEEN JR.**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/09/2017 |
| TRIAL JUDGE: | HON. JOSEPH KILGORE |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHARLIE D. JACKSON (PRO SE) |
| ATTORNEYS FOR APPELLEES: | G. TODD BURWELL |
| | SAM N. FONDA |
| | EMILY KINCSES LINDSAY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 05/28/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     In this case, we must determine whether the chancery court abused its discretion in denying a motion for clarification. Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     This case began as a land dispute between the heirs of Queen M. Jackson Lewis (the Jacksons) and Baldwin Sand & Gravel and Jerry Steen Jr. Both Baldwin and Steen had filed actions against the Jacksons to quiet and confirm title to certain land located in Carroll

County, Mississippi.[1] The chancery court ruled in favor of Baldwin, partly in favor of Steen, and partly in favor of the Jacksons. The final judgment was entered on February 3, 2014.

¶3. On February 18, 2014, the Jacksons filed a motion to amend the judgment under Mississippi Rule of Civil Procedure 59(e). The chancery court ruled that the Rule 59(e) motion was untimely and without merit. The chancery court further noted that even if the motion sought relief under Mississippi Rule of Civil Procedure 60(b), it was without merit.

*2014 Appeal from Final Judgment*: *Shaffer v. Baldwin Sand & Gravel*, No. 2014-CA-01551

¶4. The Jacksons then appealed the chancery court's findings of facts and conclusions of law,[2] the final judgment, and the order denying the Rule 59(e) motion. Baldwin filed a motion to dismiss alleging that the appeal was untimely. The Supreme Court granted Baldwin's motion to dismiss, stating that the Rule 59(e) motion "was untimely and did not toll the time for filing a notice of appeal." The Jacksons filed a motion to reconsider, but the Supreme Court denied the motion.

*2016 Appeal from Contempt Action*: *Jackson v. Steen*, No. 2016-CP-00068

¶5. On January 14, 2016, the Jacksons filed a notice of appeal in a separate contempt action between Charlie Jackson and Steen. Although the appeal primarily concerned the contempt action, the notice also indicated that the parties intended to challenge the chancery court's 2014 judgment regarding the land dispute. The Supreme Court entered an order

---

[1] The two actions were eventually consolidated.

[2] On January 10, 2014, the chancery court entered its findings of facts and conclusions of law.

noting that the appeal was limited to the contempt action "and that all questions concerning the ownership of the property in question have been adjudicated in prior proceedings." The appeal was ultimately dismissed for the failure of the Jacksons to file a brief. The mandate issued July 13, 2017.

*2017 Appeal from Denial of the Motion for Clarification*

¶6. On March 15, 2017, the Jacksons filed a motion for clarification in the chancery court claiming that the 2014 order denying their Rule 59(e) motion was not clear. The Jacksons took issue with the following language from the chancery court's order: "[T]o the extent the motion may be seen as one pursuant to [Rule] 60(b) rather than [Rule] 59, denial is still appropriate . . . . No exceptional circumstances are present which would call for relief from the final judgment" pursuant to Rule 60(b). During the hearing, the chancery court noted that the motion for clarification was an attempt at "another bite at the trial apple and at the appellate apple." The chancery court denied the motion, stating that the 2014 order "does not need clarification and was a final order."

¶7. Charlie Jackson, acting pro se, filed a notice of appeal on behalf of himself and other heirs.[3] Charlie lists fifteen issues, all of which attack the chancery court's findings in the final judgment.

## DISCUSSION

---

[3] Willie Jackson, on behalf of Lewis's estate, also filed an appeal, but it was dismissed. Although Charlie claims to represent several other heirs, he is not an attorney and is prohibited from representing anyone other than himself in court. *See Sapukotana v. Sapukotana*, 179 So. 3d 1105, 1112 (¶20) (Miss. 2015) ("Individuals not licensed to practice law may represent themselves in court, but not others.").

¶8. As a preliminary matter, Baldwin argues that Charlie failed to address the central issue on appeal – whether the chancery court erred in denying the motion for clarification. Although all of his issues on appeal attack the final judgment, Charlie does briefly assert that the chancery court erred in denying his request for relief under Rule 60(b).

¶9. Our Rules provide two avenues to attack a final judgment: (1) file a motion for a new trial or to alter or amend the judgment under Rule 59, or (2) file a motion for relief from the final judgment under Rule 60. The timing of the motion can determine whether it is a Rule 59 or a Rule 60 motion. *City of Jackson v. Jackson Oaks Ltd. P'ship*, 792 So. 2d 983, 985 (¶3) (Miss. 2001). Here, the Jacksons filed a motion to alter or amend the judgment under Rule 59(e). The chancery court determined that the Rule 59(e) motion was untimely but addressed the merits under both Rule 59(e) and Rule 60.

¶10. Under the guise of seeking clarity, the Jacksons filed their motion for clarification in 2017, seeking relief from the 2014 final judgment. During the hearing on the motion for clarification, the chancery court determined that the motion was filed only to attack the final judgment and denied the motion.

¶11. The motion for clarification was clearly a Rule 60(b) motion as it sought to attack the final judgment. As such, our review is limited to whether the chancery court abused its discretion in denying the motion. *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1237 (¶9) (Miss. Ct. App. 2013). It is well established that a Rule 60(b) motion should be denied where it is merely an attempt to relitigate the case. *Id.* at (¶13). The chancery court held that the Jacksons were attempting to do just that.

4

¶12. This case began the better part of a decade ago. The chancery court decided the entirety of the dispute in 2014. The Jacksons have attempted to appeal or modify that final judgment numerous times in the five years since. None of these attempts had merit, and multiple efforts at appeal were dismissed as either untimely or for failure to file a brief. We agree with the chancery court that the Jacksons' latest effort is yet another attempt to relitigate the 2014 final judgment. There was no abuse of discretion in refusing to grant the motion to clarify. This litigation must come to a close.

¶13. Regarding Charlie's fifteen assignments of error, "[t]he appeal from a denial of a Rule 60(b) motion brings up for review only the order of denial itself and not the underlying judgment." *Stevens v. Wade*, 214 So. 3d 301, 304 (¶11) (Miss. Ct. App. 2017) (internal quotation marks omitted). So we need not consider the underlying issues of the final judgment.

¶14. As a final matter, we note that Baldwin filed a motion to dismiss this appeal based on the theories of res judicata and collateral estoppel. However, since we are affirming the chancery court's ruling, we find it unnecessary to address the merits of this motion. Baldwin's motion to dismiss the appeal is denied as moot.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**

5