# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00355-COA

**JAMES ROBERT ROWSEY A/K/A JAMES R. ROWSEY A/K/A JAMES ROWSEY**  **APPELLANT**

**v.**

**MDOC COMMISSIONER MARSHALL FISHER, MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND STATE OF MISSISSIPPI**  **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2017 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES ROBERT ROWSEY (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/13/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND TINDELL, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     James Robert Rowsey, appearing pro se, asserts that the Sunflower County Circuit Court improperly denied his grievance filed through the Mississippi Department of Correction's (MDOC) Administrative Remedy Program (ARP). Rowsey filed a "Statement of Facts and Legal Issues Before the Court seeking reconsideration," which the circuit court treated as a motion for reconsideration and denied. After careful review of the record, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. In 2010, Rowsey was imprisoned at the South Mississippi Correctional Institution in Leakesville, serving a life sentence for murder. While imprisoned, Rowsey placed two cups of water in a microwave and dumped the hot water on another inmate's head. Rowsey was convicted of aggravated assault and sentenced to ten years to run consecutively to his life sentence. Rowsey appealed this conviction; however, the Mississippi Supreme Court affirmed. *Rowsey v. State*, 188 So. 3d 486, 500 (¶53) (Miss. 2015).

¶3. In September 2015, Rowsey's housing unit was searched and contraband was confiscated. Rowsey asserts that during this "shakedown" thirty-nine of his religious books were confiscated while he was attending seminary college. As a result, Rowsey filed a grievance through MDOC's ARP program, MSP-15-1972, claiming that MDOC conducted an illegal "shakedown" when he was not present. MDOC's investigation revealed that each offender was present during the shakedown.

¶4. In October 2015, Warden Sonija Stanciel conducted an investigation and determined that no books had been taken from Rowsey's cell. MDOC Chaplin Willie Bays indicated that Rowsey was not in any active courses through MDOC's Chaplin Department—even though he purported that he was. In December 2015, Rowsey's grievance was still pending according to the MDOC.

¶5. In January 2016, prior to exhausting his administrative remedies, Rowsey filed an application for judicial review because MDOC's response was untimely. In February 2016, the MDOC issued its First Step Response Form finding Rowsey's claims without merit. In April 2016, Rowsey signed for the Step Two ARP response. MDOC issued a Second Step

Response stating that (1) there was no evidence that any books were taken from him, (2) inmates were only allowed five books and one "Bible/Koran," and (3) there was no proof that Rowsey had ever purchased any of the books or had the books in his possession. Rowsey also admits to being in violation of MDOC policies by possessing more than five books. MDOC also noted that Rowsey was eligible to seek judicial review within thirty days of the receipt of the Second Step Response.

¶6. In March 7, 2017, Rowsey filed what the Mississippi Supreme Court treated as a petition for a writ of mandamus.[1] On May 24, 2017, the circuit court responded to the writ and issued an order denying and dismissing the motion for judicial review on the same day. In the order, the circuit court acknowledged that Rowsey was correct that MDOC failed to timely process his submission in accordance with its own standard operating procedure. Nevertheless, the circuit court upheld MDOC's ARP ruling and denied Rowsey's application for judicial review.

¶7. On June 30, 2017, Rowsey filed a statement of facts and legal conclusions seeking reconsideration of the circuit court's May 24, 2017 order. In October 2017, Rowsey filed another petition stating that the circuit court failed to answer his last five-page submission. On November 27, 2017, the circuit court denied Rowsey's motion for reconsideration. In December 2017, the Mississippi Supreme Court dismissed Rowsey's motion filed in October 2017 as moot, because the circuit court had issued an order denying the motion. Subsequently, Rowsey filed a notice of appeal and an in forma pauperis motion to proceed

---

[1] In June 2017, the Mississippi Supreme Court rendered Rowsey's petition moot because the circuit court previously denied his motion.

on appeal, which the circuit court granted.

¶8. Because Rowsey's notice of appeal was filed more than thirty days after the circuit court's May 2017 order, the Clerk of this Court directed Rowsey to show cause why his appeal should not be dismissed as untimely. In September 2018, the Mississippi Supreme Court entered an order on the show cause notice and Rowsey's response to that notice. The Supreme Court found that Rowsey's appeal should be allowed to proceed to decide whether the denial of the motion for reconsideration was proper.

## STANDARD OF REVIEW

¶9. Normally, "[w]hen reviewing a decision by a chancery or circuit court regarding an agency action, in this case the MDOC, this Court applies the same standard of review that the lower courts are bound to follow." *Clay v. Epps*, 19 So. 3d 743, 745 (¶7) (Miss. Ct. App. 2008). "We will examine the appeal to determine whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*.

¶10. However, the issue before this Court is the denial of Rowsey's motion for reconsideration; thus a different standard of review applies.

¶11. "The grant or denial of a motion for reconsideration is reviewed under an abuse-of-discretion standard." *State v. Walgreen Co.*, 250 So. 3d 465, 477 (¶37) (Miss. 2018) (citing *City of Jackson v. Internal Engine Parts Grp. Inc.*, 903 So. 2d 60, 66 (¶16) (Miss. 2005)). "[A] notice of appeal following the denial of a Rule 60(b) motion to

4

reconsider limits this [c]ourt's review to whether reconsideration was properly denied under Rule 60(b)." *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶8) (Miss. Ct. App. 2013). "This [C]ourt has no jurisdiction to consider the merits of the underlying judgment." *Id.*

## DISCUSSION

¶12. Rowsey filed his December 21, 2017 notice of appeal following the denial of his statement of facts and legal issues placed before the court seeking reconsideration. Therefore, the crux of this appeal is whether Rowsey's motion for reconsideration was properly denied. "[A] motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b)." *Woods,* 111 So. 3d at 1236 (¶8).

¶13. In *Woods*, the appellants argued that the circuit court improperly granted summary judgment in favor of the appellee. *Id*. at 1235 (¶1). But the appellants did not file their notice of appeal within thirty days of the order granting summary judgment. *Id*. at 1236 (¶5); M.R.A.P. 4(a). Instead, the appellants filed a notice of appeal within thirty days of the denial of their motion to reconsider the grant of summary judgment. *Id*. "On a Rule 60(b) motion to reconsider, we do not reach the merits of the underlying judgment but instead solely consider whether the circuit court abused its discretion by denying reconsideration." *Id.* at 1235 (¶1).

¶14. "The [S]upreme [C]ourt and this [C]ourt have been consistent in holding that a Rule 60(b) motion should be denied where it is merely an attempt to relitigate." *Woods*, 111 So. 3d at 1237 (¶13) (citing *City of Jackson v. Jackson Oaks Ltd. P'ship*, 860 So. 2d 309, 311-12

(¶6) (Miss. 2003); *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984); *Piernas v. Campiso*, 95 So. 3d 723, 726 (¶11) (Miss. Ct. App. 2012); *Guinn v. Wilkerson*, 963 So. 2d 555, 558 (¶7) (Miss. Ct. App. 2006)).

¶15. In Rowsey's statement of facts and legal issues placed before the court seeking reconsideration, he asserted that MDOC's request for a property slip was unreasonable and impossible and that MDOC confiscated his books in violation of its own policy and his constitutional rights. MDOC determined that at no time did staff remove any books from Rowsey's bed or living quarters and that each offender whose bed was searched during the relevant period was present.

¶16. The circuit court noted that Rowsey's handwritten list of the materials allegedly confiscated was insufficient to establish ownership under MDOC policy. As a result, the circuit court found that Rowsey failed to establish that MDOC's decision was in violation of his constitutional or statutory rights.

¶17. Accordingly, we find no error in circuit court's denial of Rowsey's motion for reconsideration.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**