# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-SA-00318-COA

JACOBY W. LEE                                                  APPELLANT

v.

MISSISSIPPI DEPARTMENT OF HUMAN                               APPELLEES
SERVICES AND FREDRUNNA WEBB

DATE OF JUDGMENT:             01/15/2025
TRIAL JUDGE:                  HON. STEPHEN TRAVIS BAILEY
COURT FROM WHICH APPEALED:    MONROE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       BENNIE L. JONES JR.
ATTORNEY FOR APPELLEES:       SARAH PHILLIPS
NATURE OF THE CASE:           CIVIL - CUSTODY
DISPOSITION:                  AFFIRMED - 06/02/2026
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Jacoby W. Lee appeals the Monroe County Chancery Court's denial of his motion to reconsider the denial of his petition to set aside a judgment establishing paternity and child support. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On February 21, 2014, the Mississippi Department of Human Services (DHS) filed a complaint to determine the paternity of Fredrunna Webb's two minor children. Attached to the complaint was an affidavit by Webb that Lee was the father of her two children. The DHS complaint requested the court to find that Lee was the father of Webb's two minor children and to require Lee to provide support for them. Lee was properly served on April

6, 2014, with a summons advising him of a May 21, 2014 hearing date on the complaint.[1] As a result of the hearing, Lee, Webb, and her children were ordered to submit to genetic testing. The hearing on the complaint was reset for July 15, 2014, at which time Lee was required to appear and show cause why the relief sought in DHS's complaint should not be granted. The order was signed by Lee as "Agreed and Approved." The order did not set a date for Lee to appear for testing, but it did state that the time and place was to be set by DHS.

¶3.     In the court's order entered on July 17, 2014, as a result of the July 15 hearing, the chancellor found that "[Lee] failed to appear pursuant to valid process under rule 81 or has failed to appear for genetic testing pursuant to a valid court order requiring same and has, therefore, declined genetic testing." The order adjudicated Lee to be the father of the children. A separate "Order for Withholding" was also entered requiring $200 a month in child support, plus other costs, to be withheld from Lee's pay.

¶4.     A decade later, on July 15, 2024, Lee filed a petition to disestablish paternity, asking to be declared not to be the father of both of Webb's children. In his petition, he noted that the parties appeared for DNA testing on April 30, 2021, *as ordered on May 21, 2014*. He attached a copy of DNA test results that purport to exclude him as the father of one of the children but showed no results for the other child. On January 8, 2025, Webb filed a waiver of process, entry of appearance, and joinder consenting to the relief requested in Lee's petition. Lee asked that the judgment of paternity be set aside and held for naught, alleging

---

[1] Lee appeared at the hearing on May 21 and did not raise any issue concerning the service of process. Instead, as will be discussed below, Lee signed the order agreeing that the court had personal jurisdiction over him.

2

that he was requesting relief pursuant to Mississippi Code Annotated section 93-9-10 (Rev. 2021), which governs disestablishment of paternity. He also briefly noted that the motion was filed pursuant to Mississippi Rules of Civil Procedure 60 and 81.

¶5.     A hearing on Lee's petition was held on January 14, 2025. Appearing with counsel, Lee presented the court with a proposed judgment approved as to form by DHS. Lee's counsel also pointed out that on January 8, 2025, Webb had filed a waiver of service of process in which she also consented to the relief requested by Lee. The chancellor recited the procedural history of the case. The chancellor then noted that despite the apparent agreement by DHS and Webb, pursuant to section 93-9-10, the court could not grant the relief requested. The chancellor pointed to the original order establishing paternity, which stated that Lee had failed to appear for genetic testing. After making this determination, the chancellor stated:

> Now, if I have gotten this all wrong, I will be glad to hear from the attorneys. You can give me argument. You can call witnesses. But I have, otherwise, got to follow the law in this case.

While no witnesses were called, Lee's counsel pointed out that the mother had consented to the relief. The chancellor replied that even if the mother and DHS agreed, under the statute, the court could not grant the relief requested. Lee's counsel then asked what would happen if the biological father wanted to claim his children. The chancellor found that the issue was not properly before the court and that a person claiming to be the biological father was not a party to the instant proceeding. The chancellor allowed the proposed order to be admitted as an exhibit to the hearing. The chancellor advised counsel that he could file a post-trial

motion or appeal.

¶6. In the court's order denying Lee's requested relief filed on January 15, 2025, the chancellor found that the petition failed to comply with section 93-9-10 in several respects and denied Lee's petition. The chancellor found that the petition did not have an attached affidavit, as required by section 93-9-10(1)(a), stating that new evidence had come to light since the initial paternity determination. Also, the chancellor found that the DNA test submitted was not administered within one year of the filing of the petition as required by section 93-9-10(1)(b)(i), and, further, Lee provided the results for only one of the two children. Therefore, the chancellor found that the petition should be denied under section 93-9-10(4), which provides that "[i]f the petitioner fails to make the requisite showing required by this section, the court shall deny the petition." Miss. Code Ann. § 93-9-10(4).

¶7. Further, the chancellor noted that Lee's petition should also be denied for two additional reasons. Pursuant to section 93-9-10(3)(f), Lee failed to appear for genetic testing pursuant to the court's May 21, 2014 order. The chancellor stated:

> Instead, as admitted by the contents of his Petition (Doc. #10), [Lee] then waited approximately seven (7) years before submitting to the genetic testing admittedly "ordered by the Court on or about May 21, 2014." [Lee] then waited another three (3) years. More or less, before filing his Petition (Doc. #10) seeking to have the paternity adjudication (Doc. #8) set aside. Overall, [Lee] took no action of record regarding this paternity determination for nearly ten (10) years from the entry of the Judgment Determining Paternity and Other Relief (Doc. #8) entered on July 15, 2014.

The chancellor also noted that Lee's petition should be denied pursuant to section 93-9-10(3)(e) because Lee had been named as the legal father of the children and was ordered to pay child support after having declined genetic testing.

4

¶8.     Lee filed a motion to reconsider the order denying his petition to disestablish paternity on January 22, 2025. In this motion, Lee first argued that he did not receive *a copy of the order for genetic testing* because it was sent to his mother's address where he did not reside at the time. Lee did not raise any issue concerning the service of process for the May 21, 2014 hearing on the DHS complaint. Second, he argued that the order for genetic testing did not comply with Mississippi Code Annotated section 93-9-21(1)(a) (Rev. 2021), in that it failed to include the date, time, and place for collection of the genetic samples. Lee argued that he failed to receive actual or constructive notice of the order requiring genetic testing, although, again, he signed the order.

¶9.     The chancery court denied Lee's motion for reconsideration on February 13, 2025. In his order, the chancellor found that the motion for reconsideration raised new issues that had not been included in his petition to disestablish paternity. Instead, the motion for reconsideration attacked the validity of the July 17, 2014 order establishing paternity. While the motion for reconsideration did not address whether it was filed pursuant to either Mississippi Rule of Civil Procedure 59 or 60, the chancellor considered the motion under both rules.

¶10.    The chancellor found the record showed that Lee had been served with process for the May 21, 2014 hearing on the DHS complaint. He appeared at that hearing, did not raise any issue concerning service of process, and signed the order requiring genetic testing and continuing the hearing until July 15, 2014. By his signature on this order, Lee also "Agreed and Approved" that the court had jurisdiction over both parties. The court stated that Lee's

signature on the May 21 order was sufficient, pursuant to Mississippi Rule of Civil Procedure 81(d)(5), to require Lee's appearance at the July 15 hearing, without the necessity to issue any additional summons. The chancellor also found that Lee's reliance upon section 93-9-21(1)(a) was misplaced because that section applies to administrative orders for genetic testing issued by DHS. Instead, section 93-9-21(2) applies to judicial orders for genetic testing and does not require that the date and time be included in the order. This section does provide, however, that Lee's failure to submit to the court-ordered test may result in the court resolving the question of paternity against him.

¶11.    In any event, the chancellor found that regardless of whether Lee received notice of the date and time to appear for testing, Lee was well aware of the hearing set for July 15, 2014, and failed to appear. In the order the chancellor noted:

> Thus, [Lee] had an opportunity to appear before the Court on July 15, 2014 to show cause as to why he should not be determined to be the father of the minor children at issue, whereupon he would have had the opportunity to appear and inform the Court that testing had not been completed.

As a result, the chancellor found that the entry of the order establishing paternity, under the facts of this case, was proper pursuant to section 93-9-9(2), which provides in part:

> If the alleged father in an action to determine paternity to which the Department of Human Services is **a party fails to appear for a scheduled hearing after having been served with process or subsequent notice consistent with the Rules of Civil Procedure**, his paternity of the child(ren) shall be established by the court if a written declaration in support of establishing paternity made under penalty of perjury to the best of her knowledge, information and belief by the mother averring the alleged father's paternity of the child has accompanied the complaint to determine paternity. The written declaration shall constitute sufficient grounds for the court's finding of the alleged father's paternity without the necessity of the presence or testimony of the mother at the said hearing. The court shall, upon motion by

6

the Department of Human Services, enter a judgment of paternity.

Miss. Code Ann. § 93-9-9(2) (emphasis added).[2] After reviewing the requirements of both Rules 59 and 60, the chancellor found that Lee was not entitled to relief under either rule. Lee filed this appeal with his sole issue being whether the chancellor erred in denying his motion to reconsider.

## STANDARD OF REVIEW

¶12.    In *Gregory Meridian Acquisition LLC v. McFarland*, 386 So. 3d 381, 388 (¶16) & n.6 (Miss. Ct. App. 2023), this Court explained:

> The Mississippi Rules of Civil Procedure provide two different methods for reconsideration of a trial court's decision: filing a "motion for a new trial [or] to alter or amend under Rule 59 or (2) fil[ing] for relief from a final judgment under Rule 60(b)." *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶6) (Miss. Ct. App. 2013) (citing M.R.C.P. 59, 60(b)). "The timing of the motion to reconsider determines whether it is a Rule 59 or 60(b) motion." *Id*.

Regardless of the method, this Court reviews a motion for reconsideration under an abuse-of-discretion standard. *Id*. The chancellor considered the motion under both rules.

## ANALYSIS

¶13.    Lee's argument on appeal is somewhat different from his argument in his motion for reconsideration, which was different from his petition to disestablish paternity. His issues on appeal are (1) there is no evidence in the record that DHS ever scheduled the genetic testing;

---

[2] In both the order to deny Lee's petition to disestablish paternity and the order to deny Lee's motion for reconsideration, the chancellor found that Lee failed to appear at the July 15, 2014 hearing on the DHS complaint. While we do not have a transcript of that hearing in the record on appeal, Lee did not dispute that finding during the January 14, 2025 hearing on his petition, and he did not dispute that he failed to appear in his motion for reconsideration.

7

and (2) that "although he appeared at the initial hearing set in this case, he did not defend the case on the merits, but merely agreed to a continuance and was ordered into genetic testing." We address these issues separately below.

### I. Did the chancellor err by relying upon section 93-9-10(3)(f) to deny the petition to disestablish paternity?

¶14. Lee points to the May 21, 2014 order compelling genetic testing and argues that the order does not establish a time, date, or place for him to appear for a sample to be drawn. He contends that there is no evidence in the record that DHS scheduled the testing or notified him where he was to appear and when he was required to appear. Further, Lee argues that in the "Judgment Determining Paternity and Other Relief" entered on July 17, 2014, the chancellor made no finding that the genetic testing ordered had ever been scheduled by DHS. Therefore, Lee argues that the chancellor erred by denying his petition to disestablish paternity pursuant to section 93-9-10(3)(f). The brief of the appellee DHS fails to address this issue directly. Instead, the DHS relies upon Mississippi Code Annotated section 93-9-9(2) (Rev. 2021) and Lee's failure to appear at the July 15, 2014 hearing to argue that the chancellor did not err by denying the petition to disestablish paternity.

¶15. We first note that had Lee raised this issue in his petition, perhaps there would have been an evidentiary hearing to determine whether DHS scheduled the testing and how Lee was notified to appear. Under the facts of this case, there is no statute that provides direction to DHS, and the order provides no direction as to how to provide notice of the time, date, and place for the scheduled genetic testing. Lee is correct, however, that nothing in the record on appeal shows that the testing was scheduled or that he was notified.

¶16. However, the chancellor denied Lee's petition for several reasons, as noted above. We find that the controlling issues are the failure of Lee's petition to comply with section 93-9-10(1)(a), the required affidavit, and section 93-9-10(1)(b)(i) for a timely genetic test.[3]

> **II.    Did the chancery court acquire personal jurisdiction over Lee during the 2014 proceedings?**

¶17. Lee contends that the original order determining paternity is void because he was never served with process. He again claims that the summons was delivered to his mother's residence and that he did not live there at the time. He maintains that he did not waive the issue of proper service of process by appearing at the hearing and signing the order to continue the hearing and to submit to genetic testing.

¶18. The record shows that a summons was issued on February 21, 2014, to serve Lee at "4970 O R C RD, West Point, MS 39773." A return was filed on May 9, 2014, showing that service was made by residence service on Lee's mother on April 6, 1014, and by mail on April 7, 2014. Therefore, there is a presumption that service of process occurred. In *Deere v. Taylor*, 394 So. 3d 991, 1000 (¶42) (Miss. Ct. App. 2024), this Court explained:

> The plaintiff "bore the initial burden of showing effective service of the summons and complaint." *Thornton v. Freeman*, 242 So. 3d 188, 192 (¶10) (Miss. Ct. App. 2018). Where the "process server has properly executed a return, 'there is a presumption that service of process has occurred.'" *Priede v. Jones*, 282 So. 3d 1266, 1271 (¶12) (Miss. Ct. App. 2019) (quoting *Collins [v. Westbrook]*, 184 So. 3d [922,] 929 (¶18) [(Miss. 2016))]. "[T]his presumption that service has been effected is rebuttable through the use of extrinsic evidence, including the testimony of the party who is contesting service." *Collins*, 184 So. 3d at 929 (¶18). In turn, "[t]he plaintiff bears the

---

[3] Where a trial court gives multiple reasons for its decision, this Court can affirm as to any one of the bases. *See Brown v. Bond*, 811 So. 2d 238, 240 (¶12) (Miss. Ct. App. 2000).

burden of coming forward with evidence of proper service if it is challenged. This should include evidence of the steps taken to ensure that the party actually resides at the address on the date the service is attempted (if serving in person)." 1 Jeffrey Jackson et al., Mississippi Civil Procedure, Motions to Dismiss: Insufficiency of Process or Service, § 5:24 (updated May 2024).

We find that Lee has never presented proof to rebut the presumption that service of process was proper. In any event, we would further find that Lee waived any defect in service of process by appearing at the initial hearing on the complaint to establish paternity and signing an order in which he agreed that the court had jurisdiction over his person. *See Johnson v. Smith*, 328 So. 3d 145, 152 (¶32) (Miss. Ct. App. 2021). Further, Lee waived this issue by failing to include this claim in his petition to disestablish paternity. *See* M.R.C.P. 12(h)(1). We find this issue is without merit.

## CONCLUSION

¶19.    Because Lee's petition failed to meet the statutory requirements of section 93-9-10, as discussed above, his petition was properly denied. We further find that the chancellor did not abuse his discretion by denying Lee's motion for reconsideration.

¶20.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**